UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Parnell Colvin,<br><br>　　　　Plaintiff<br><br>v.<br><br>Tako, LLC,<br><br>　　　　Defendant | Case No. 2:22:cv-00082-CDS-DJA<br><br>**Order Denying Plaintiff's Motions for a Preliminary Injunction and Temporary Restraining Order**<br><br>[ECF Nos. 11, 12] |

*Pro se* plaintiff Parnell Colvin seeks a preliminary injunction and temporary restraining order to prohibit Defendant Tako, LLC from proceeding against him on an eviction action in state court.[1] Tako has not appeared in this case and thus does not respond to or oppose Colvin's motions.[2] Because Colvin has not demonstrated that he is entitled to the relief he seeks, I deny both of his motions and order him to show cause why his complaint should not be dismissed for lack of subject-matter jurisdiction.

**I.　　Background**

Colvin alleges that he has been hospitalized since December 2021 and that during that time, Tako brought an eviction action against him in the Las Vegas Justice Court. ECF No. 1 at 4; ECF No. 11 at 1. He contends that despite his requests to reschedule a hearing (because he

---

[1] Colvin filed a single motion titled "Emergency Motion for Preliminary Inju[n]ction / Temp[o]rary Rest[r]aining Order." Under Local Rule IC 2-2(b), that filing was docketed as two separate entries: ECF No. 11 (preliminary injunction) and ECF No. 12 (temporary restraining order). Both docket entries are thus identical, and because the same reasoning applies to my analysis of both, I discuss them together as "injunctive relief" and cite only ECF No. 11, rather than both 11 and 12.

[2] I find these motions suitable for disposition without a hearing. Fed. R. Civ. P. 78; L.R. 78-1.

contracted COVID-19 and was unable to attend), "[t]he defendant and court still [held] the hearing anyway." ECF No. 11-1 at 4. He then attempted to "remove" the eviction action from the state court to this court by filing this action.[3] ECF No. 1. He commenced this action "seek[ing] relief through the federal court [to] have the state case dismissed for violating [his] due process rights." *Id.* at 2.

## II. Discussion

### i. *Colvin has failed to establish that he is entitled to injunctive relief.*

Colvin filed his emergency motions seeking "an injunction order to safeguard[] and make sure [his] due process and constitutional right[s] don't continue to be violated by [Tako] or [the] state court." ECF No. 11-1 at 5. Temporary restraining orders are "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). A party seeking injunctive relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted).

Colvin has not addressed any of these factors and thus hasn't established that he is entitled to injunctive relief. But even if he had discussed them, injunctive relief would not be proper because his due-process claim is unlikely to succeed on its merits. Construing his complaint liberally, it appears that Colvin believes his due-process rights under the Fourteenth Amendment were violated when the state court opted to hold a hearing despite his absence. But defendants in civil matters, like the one Tako brought against Colvin in state court, do not have a constitutional right to participate in hearings. *See Gannett Co., Inc. v. DePasquale*, 443 U.S. 368, 381

---

[3] Only defendants, not plaintiffs, may remove civil actions from state to federal court. 28 U.S.C. § 1446 ("A defendant . . . desiring to remove any civil action from a [s]tate court shall file in the district court of the United States for the district and division within such action is pending . . .").

2

n.9 (1979) ("There is nothing in the constitutional language indicating that any individual other than the accused in a criminal trial . . . [has] . . . a right to attend the trial.") (cleaned up). His claim is thus unlikely to succeed on its merits.

In essence, Colvin brought these motions and the underlying action because he disagrees with Tako's decision to sue him in state court. But federal courts do not have a blanket authority to enjoin parties from bringing lawsuits or state courts from adjudicating them, and there exists a "division of authority" between state and federal courts. *Minnesota v. Nat'l Tea Co.*, 309 U.S. 551, 557 (1940). "While it is true 'that state courts will not be the final arbiters of important issues under the federal constitution[, it is equally true] that [federal courts] will not encroach on the constitutional jurisdiction of the states.'" *Bennett v. Mueller*, 322 F.3d 573, 582 (9th Cir. 2003) (quoting *Nat'l Tea Co.*, 309 U.S. at 557). Also, Colvin has not named the state court—or any party other than Tako—as a defendant in this case, and courts generally may not enjoin non-parties. Fed. R. Civ. P. 65(d)(2). So even if Colvin had addressed the *Winter* factors, I could not enjoin the state court from adjudicating the case that Tako filed against Colvin.

        *ii.*    *I order Colvin to show cause why this court has jurisdiction over his complaint.*

Colvin alleges that this court has federal-question jurisdiction over this case under 28 U.S.C. § 1331 and cites 28 U.S.C. § 1446—the statute outlining the procedure for removal of civil actions—as the federal question at issue. ECF No. 11-1 at 3. He does not allege diversity jurisdiction. His argument appears to be premised on the assertion that his "federal constitutional rights were violated" by Tako and the state court because he was "unable to participate in the state case" due to contracting COVID-19. *Id.* at 4.

It is well established that *pro se* pleadings are to be construed liberally. *See, e.g., Draper v. Rosario*, 836 F.3d 1072, 1080 (9th Cir. 2016) (citing *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002)). And "before dismissing a pro se complaint[,] the district court must provide the litigant

with notice of the deficiencies in his complaint." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (citation omitted). Although it is unclear at this stage whether or how this court has subject-matter jurisdiction over Colvin's due-process claim, because Colvin is *pro se* and has not yet received notice that his complaint could be dismissed, I order him to show cause within 30 days why this court has subject-matter jurisdiction over this case.

### III. Conclusion

The court finds that Colvin failed to demonstrate that he is entitled to issuance of either a preliminary injunction or a temporary restraining order. So for the foregoing reasons,

IT IS HEREBY ORDERED that Colvin's motions for a preliminary injunction **(ECF No. 11)** and a temporary restraining order **(ECF No. 12) are DENIED**.

IT IS FURTHER ORDERED that Colvin is **ordered to show cause by October 12, 2022**, why this case should not be dismissed for lack of subject-matter jurisdiction. Failure to do so by the deadline will result in the dismissal and closing of this case without further notice.

DATED this September 12, 2022.

_____
Cristina D. Silva
United States District Judge