P. STERLING KERR, ESQ.
Nevada Bar No. 3978
TAYLOR L. SIMPSON, ESQ.
Nevada Bar No. 13956
LAW OFFICES OF P. STERLING KERR
2450 St. Rose Parkway, Suite 120
Henderson, Nevada 89074
Telephone No. (702) 451–2055
Facsimile No. (702) 451-2077
Email: taylor@sterlingkerrlaw.com
Email: suzanne@sterlingkerrlaw.com
*Attorneys for Defendant Tako LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PARNELL COLVIN,<br><br>　　　　　　　　Plaintiff,<br>vs.<br><br>TAKO LLC,<br><br>　　　　　　　　Defendant. | Case No.: 2:22-cv-00082-CDS-DJA<br><br>**DEFENDANT TAKO LLC'S MOTION TO DISMISS** |

COMES NOW, Defendant TAKO LLC (hereinafter "Tako" or "Defendant"), by and through its counsel, TAYLOR SIMPSON, ESQ. of KERR SIMPSON ATTORNEYS AT LAW, and hereby respectfully submits this Motion to Dismiss Mr. Colvin's Complaint for failure to state a claim upon which relief may be granted.

/ / /

/ / /

Page **1** of **6**

This Motion is based on the following Memorandum of Points and Authorities, the papers and pleadings on file herein, and the argument of counsel at the hearing of this matter.

DATED this 12th day of September 2022.

KERR SIMPSON ATTORNEYS AT LAW

/s/ Taylor Simpson, Esq.
P. STERLING KERR, ESQ.
Nevada Bar No. 3978
TAYLOR SIMPSON, ESQ.
Nevada Bar No. 13956
2900 Horizon Ridge Parkway, Suite 200
Henderson, Nevada 89052
Telephone No. (702) 451-2055
Facsimile No. (702) 451-2077
Email: sterling@kerrsimpsonlaw.com
Email: taylor@kerrsimpsonlaw.com
*Attorneys for Tako, LLC*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The Court should grant Tako's Motion to Dismiss because Mr. Colvin has failed to state a plausible claim upon which relief may be granted. Tako respectfully requests the Court dismiss the present matter due to Mr. Colvin's failure to state a plausible claim upon which relief may be granted. Mr. Colvin fails to allege with any modicum of specificity what Tako has done to deprive him of his constitutional due process rights, what rights were specifically infringed, or what life, liberty, or property Mr. Colvin was deprived of without due process. Rather, the intent behind filing the present action is likely nefarious in that the present matter was filed only as a means to improperly delay the Justice Court proceedings and remain in the Property without paying rent to Tako's financial detriment.

/ / /

/ / /

## II. LEGAL ARGUMENT

### a. This Court Should Dismiss This Lawsuit Pursuant to F.R.C.P. Rule 12(b)(6).

The Court should dismiss the instant lawsuit because Mr. Colvin has failed to state a claim upon which relief can be granted. Pursuant to F.R.C.P. Rule 12(b)(6), "failure to state a claim upon which relief can be granted," is a basis to dismiss a Complaint where the moving party can demonstrate beyond doubt that the non-moving party cannot provide a set of facts in support of his claim which would entitle them to relief, such that this Motion to Dismiss should be granted. *Puckett v. Park Place Entertainment Corp.*, 332 F. Supp. 2d 1349, 1352 (D. Nev. 2004). In making a determination, the allegations made in the Complaint are generally taken as true and viewed in the light most favorable to the non-moving party. *Id*. While the Court should typically take the allegations as alleged in the Complaint as true, "[c]ourts do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Id.* (*quoting*, *Western Mining Counsel v. Watt*, 643 F.2d 618,624 (9th Cir. 1981)). It has specifically been held that "conclusory allegations of law and unwanted inferences are insufficient to defend a Motion to Dismiss for failure to state a claim." *In re Stac Electronics Securities Litigation*, 89 F.3d 1399, 1403 (9th Cir. 1996) (quoting, *In re VeriFone Securities Litigation*, 11 F.3d 865,868 (9th Cir. 1993)).

Furthermore, the U.S. Supreme Court clarified the pleadings obligation of F.R.C.P. 8(a)(2) in *Bell Atlantic Corp. v. Twombly* by holding that:

> A Petitioner's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do .... Factual allegations must be enough to raise the right to relief above the speculative level.

*127 S. Ct. 1955, 1964 (2007); see also: Oaktree Capital Mgmt., L.P. v. KPMG,* 963 F.Supp.2d 1064, 1073 (D. Nev. 2013); *Welder v. Univ. of Southern Nevada,* 833 F.Supp.2d 1240, 1243 (D. Nev. 2011).

"Determining whether a complaint states a plausible claim for relief ... [is] a context specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the Complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (citations omitted).

Although "a complaint need not contain detailed factual allegations," *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 127 S. Ct. at 1974), the court will not assume that the plaintiff can prove facts different from those alleged in the complaint. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526, 103 S. Ct. 897,74 L.Ed.2d 723 (1983); *Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005). Similarly, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). A court may dismiss as a frivolous complaint, a complaint which recites bare legal conclusions with no suggestion of supporting facts, or postulating events, and the complaint merely states circumstances of a wholly fanciful kind. *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C.Cir.1981) (per curiam).

Here, the Court should dismiss Mr. Colvin's case because Mr. Colvin has failed to state a claim upon which relief may be granted. Mr. Colvin's Complaint is vague at best. The arguments set forth therein essentially allege that Mr. Colvin has medical concerns and is unable to participate in court proceedings. Mr. Colvin does not identify in the Complaint which court proceedings he was unable to participate in. Furthermore, Mr. Colvin failed to allege how his due process rights were violated. Mr. Colvin alleges that Tako "still wants to proceed which [Mr. Colvin] is unable

to." *See* Complaint [Docket No. 1]. This, the Complaint argues, amounts to a violation of Mr. Colvin's constitutional due process rights. *Id.* Even if the Court were able to ascertain which proceedings the Complaint references, there simply is no facts that plausibly establish a claim. Tako has only been attempting to evict Mr. Colvin for his failure to pay rent for over three years. Simply exercising a right to evict Mr. Colvin is not a violation of his due process rights. In fact, Mr. Colvin remains in the Property despite not paying rent for over three years. Therefore, the Court should grant Tako's Motion to Dismiss because the Complaint has failed to set forth a plausible set of facts or claim upon which relief may be granted.

### III. CONCLUSION

In conclusion, Tako respectfully requests the Court dismiss the instant case because Mr. Colvin has failed to state a plausible claim upon which relief can be granted.

DATED this 12th day of September 2022.

KERR SIMPSON ATTORNEYS AT LAW

/s/ Taylor Simpson, Esq.
P. STERLING KERR, ESQ.
Nevada Bar No. 3978
TAYLOR SIMPSON, ESQ.
Nevada Bar No. 13956
2900 Horizon Ridge Parkway, Suite 200
Henderson, Nevada 89052
Telephone No. (702) 451-2055
Facsimile No. (702) 451-2077
Email: sterling@kerrsimpsonlaw.com
Email: taylor@kerrsimpsonlaw.com
*Attorneys for Tako, LLC*

CERTIFICATE OF SERVICE

I certify that I am an employee of Kerr Simpson Attorneys at Law, and the on the 22nd day of September 2022, a true and correct copy of the foregoing **DEFENDANT TAKO LLC'S MOTION TO DISMISS** was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all parties of record registered to receive CM/ECF notification and via first class United States mail.

Parnell Colvin
6681 Tara Ave.
Las Vegas, NV 89146
Pc681@yahoo.com
*Defendant, Pro Se*

          /s/ Lisa Peters
An employee of LAW OFFICES OF
P. STERLING KERR