P. STERLING KERR, ESQ.
Nevada Bar No. 3978
TAYLOR L. SIMPSON, ESQ.
Nevada Bar No. 13956
LAW OFFICES OF P. STERLING KERR
2450 St. Rose Parkway, Suite 120
Henderson, Nevada 89074
Telephone No. (702) 451–2055
Facsimile No. (702) 451-2077
Email: taylor@sterlingkerrlaw.com
Email: suzanne@sterlingkerrlaw.com
*Attorneys for Defendant Tako LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PARNELL COLVIN,<br><br>                Plaintiff,<br>vs.<br><br>TAKO LLC,<br><br>                Defendant. | Case No.: 2:22-cv-00082-CDS-DJA<br><br>**DEFENDANT TAKO LLC'S MOTION TO DEEM PLAINTIFF A VEXATIOUS LITIGANT** |

COMES NOW, Defendant TAKO LLC (hereinafter "Tako" or "Defendant"), by and through its counsel, TAYLOR SIMPSON, ESQ. of KERR SIMPSON ATTORNEYS AT LAW, and hereby respectfully submits this Motion to Deem Plaintiff a Vexatious Litigant against Plaintiff PARNELL COLVIN (hereinafter "Mr. Colvin").

/ / /

/ / /

Page **1** of **11**

This Motion is based on the following Memorandum of Points and Authorities, the Declaration of Qingwen Kong attached hereto as **Exhibit A**, the papers and pleadings on file herein, and the argument of counsel at the hearing of this matter.

DATED this 12th day of September 2022.

                                                      KERR SIMPSON ATTORNEYS AT LAW

                                                     /s/ Taylor Simpson, Esq.
                                                     P. STERLING KERR, ESQ.
                                                     Nevada Bar No. 3978
                                                     TAYLOR SIMPSON, ESQ.
                                                     Nevada Bar No. 13956
                                                     2900 Horizon Ridge Parkway, Suite 200
                                                     Henderson, Nevada 89052
                                                     Telephone No. (702) 451-2055
                                                     Facsimile No. (702) 451-2077
                                                     Email: sterling@kerrsimpsonlaw.com
                                                     Email: taylor@kerrsimpsonlaw.com
                                                     *Attorneys for Tako, LLC*

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

The Court should grant Tako's Motion to Deem Mr. Colvin a Vexatious Litigant because Mr. Colvin has repeatedly abused the Federal Court removal processes, the Bankruptcy Court's automatic stay, and the Federal Court's processes in attempt to avoid eviction and remain in the subject property without paying rent.

Mr. Colvin is a tenant of real property that has not paid rent to Tako, the landlord, for over three years. Tako has not be able to successfully evict Mr. Colvin because Mr. Colvin has abused the Federal Courts' procedures to remain in the Property. So far, every time that Tako has attempted to remove Mr. Colvin, Mr. Colvin has either declared bankruptcy, erroneously removed a Justice Court case to Federal Court which deprives the Justice Court of jurisdiction to continue, or files an action in Federal Court and represents to the Justice Court that the matter is now being

heard by Federal Court. Mr. Colvin's duplicitous actions have resulted in Tako not only being deprived of rental income from the subject property for over three years but has resulted in countless other expenses to Tako including eviction costs, court costs, attorney's fees, fines, penalties, and so forth. To date, Mr. Colvin's actions have cost Tako well over $100,000 in damages. The intent behind filing the present action is likely nefarious in that the present matter was filed only as a means to improperly delay the Justice Court proceedings and remain in the Property without paying rent to Tako's financial detriment. Tako respectfully requests that the Court deem Mr. Colvin to be a vexatious litigant and enjoin Mr. Colvin with a narrowly tailored order against filing any further removal actions or federal matters that would interfere with the eviction proceedings.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Tako owns the real property located at 6681 Tara Avenue, Las Vegas, Nevada 89146. *See* Exhibit A at ¶ 3. On or about March 15, 2018, Tako entered into a Residential Lease Agreement ("Lease") with Mr. Colvin and his spouse Monique Colvin (hereinafter the "Colvins") for a two (2) year period beginning on April 1, 2018 and ending on March 31, 2020. *See* Residential Lease Agreement attached hereto as **Exhibit B**; see also Exhibit A at ¶ 4. Pursuant to the Lease, the Colvins agreed to pay Tako monthly rent in the amount of Two Thousand Six Hundred Forty Dollars ($2,640.00). *Id.* On or about June 1, 2019, ten (10) months before the end of the Lease period, the Colvins breached the Lease, and stopped paying monthly rent of $2,640.00 to Tako. *See* Exhibit A at ¶ 6. To date, Tako is owed thirty-nine (39) months of rent from June 1, 2019 to September 1, 2022. *Id.* at ¶ 7. Thus, to date, the Colvins owe to Tako a total of $102,960.00 ($2,640.00 per month x 39 months = $102,960.00). *Id.*

The Colvins last paid rent in May of 2019, ten (10) months prior to the expiration of the Lease, as it terminated on March 31, 2020. *Id.* On or about June 1, 2019, the Colvins breached the

Lease and failed to pay Tako the monthly rent of $2,640.00, thus, Tako did not renew the Lease when it expired on or after March 31, 2020. *Id.*

Since June 1, 2019, nine (9) months prior to the COVID-19 shutdown in Nevada, the Colvins have failed to make any rental payments to Tako, while Tako has had the financial burden of paying to maintain the Property, including its Property Manager, real property taxes, insurance, and other expenses. *Id.* at ¶ 9. After March 31, 2020, the Colvins became holdover tenants, and at best, had a month-to month periodic tenancy. The Colvins have never had any ownership interest in the Property at issue but have solely been tenants of the Property. *Id.*

On or about April 21, 2021, the Colvins filed a Chapter 7 Voluntary Petition (hereinafter "Petition") in the U.S. Bankruptcy Court, Case No. 21-12012-abl. After filing their Petition, the Colvins failed to meaningfully participate in their bankruptcy case. The April 21, 2021 bankruptcy was not the first of Mr. Colvin's improper use of the bankruptcy courts to attempt to avoid his obligations to Tako. In fact, Mr. Colvin's bankruptcy history is lengthy. The following are the recent instances of Mr. Colvin's abuse of the Bankruptcy Court and each case's disposition:

    a. **Case No. 13-33280**, District of Oregon, chapter 7 bankruptcy case filed May 23, 2013, dismissed August 30, 2013, for failure to timely obtain required credit counseling;

    b. **Case No. 15-12810-led**, District of Nevada, chapter 7 bankruptcy case filed May 15, 2015, dismissed July 6, 2015, for failure to timely file required documents;

    c. **Case No. 15-16662-mkn**, District of Nevada, chapter 7 bankruptcy case filed November 30, 2015, dismissed March 7, 2016, for failure to supply tax return to appointed Trustee and to attend the meeting of creditors;

    d. **Case No. 17-10614-mkn**, District of Nevada, chapter 7 bankruptcy case filed February 13, 2017, dismissed October 31, 2017, for failure to attend the meeting of creditors;

    e. **Case No. 19-13142-mkn**, District of Nevada, chapter 7 bankruptcy case filed May 17, 2019, dismissed July 8, 2019 for failure to timely file required documents;

    f. **Case No. 19-14597-mkn**, District of Nevada, chapter 7 bankruptcy case filed July 18, 2019, dismissed September 12, 2019, for failure to timely file required

documents;

g. **Case No. 19-16459-mkn**, District of Nevada, chapter 7 bankruptcy case filed October 4, 2019, dismissed January 8, 2020, for failure to obtain required credit counseling;

h. **Case No. 21-12012-abl**, District of Nevada, chapter 7 bankruptcy case filed April 21, 2021, dismissed July 8, 2021, for failure to obtain required credit counseling;

i. **Case No. 21-14974-mkn**, District of Nevada, chapter 7 bankruptcy case filed October 18, 2021, dismissed December 7, 2021, for failure required credit counseling; and

j. **Case No. 22-11413-abl**, District of Nevada, chapter 7 bankruptcy case filed April 22, 2022, dismissed August 1, 2022, for failure to timely file all documents and schedules.

*See* Bankruptcy Case Search Results attached hereto as **Exhibit C**.

In the last case, a creditor filed a motion to dismiss, which was granted, and sought to impose a bar disallowing Mr. Colvin from future bankruptcy filings. The Bankruptcy Court ultimately did not impose a bar, but essentially warned Mr. Colvin in the order that this was his last chance and that it would impose a bar if he filed another bankruptcy and failed to participate again. *See* Order Granting in Part and Denying in Part Motion to Dismiss Bankruptcy Case with Prejudice and for Injunction Against Future Filing attached hereto as **Exhibit D**. Notably, in the last **three** years, Mr. Colvin has filed **six** different bankruptcy cases which coincide with Tako's attempts to evict. *See* Exhibit C.

On or about June 6, 2021, in an effort to reacquire possession of the subject Property, Tako served the Thirty-Day "No Cause" Notice to Quit on the Colvins requesting that they vacate the subject Property unaware that Mr. Colvin had filed Case No. 21-12012-abl in Bankruptcy Court. *See* Thirty-Day Notice attached hereto as **Exhibit E**. After the dismissal of the Case No. 21-12012-abl bankruptcy matter, Tako served a Five-Day Notice of Unlawful Detainer on the Colvins on or about July 15, 2021. On or about July 19, 2021, Mr. Colvin filed an Application to Proceed In Forma Pauperis ("Application") in the Las Vegas Justice Court, Case No. 21E014316. *See*

Application to Proceed in Forma Pauperis, dated July 19, 2021, attached hereto as **Exhibit F**. On or about July 21, 2021, when Mr. Colvin filed his Answer to Complaint for Unlawful Detainer ("Answer") in the Justice Court Matter, he used a "Civil Cover Sheet" for a federal district court filing, and checked the box for "Federal Question" in response to the question for "Basis of Jurisdiction"; he also added a page to the Civil Cover Sheet, entitled "Removal jurisdiction - Wikipedia" with references to cases that have been previously removed to federal court from state court, and an external link to 28 U.S. C. §1441 -Actions removable generally." *See* Answer to Complaint for Unlawful Detainer, filed July 21, 2021, attached hereto as **Exhibit G**.

On or about July 21, 2021, Mr. Colvin removed the Justice Court lawsuit to this Court (Case No. 2:21-cv-01373-APG-BNW) in order to further delay Tako's eviction attempts. Ultimately, this Court construed said case as a new filing as it was initiated by the filing of a complaint and was not removed from Justice Court. *See* Order Granting Motion to Dismiss attached hereto as **Exhibit H**. The Court dismissed said case on the basis that the complaint did not state a claim upon which relief could be granted. *Id.*

After the dismissal of the previous federal case, Tako reinitiated eviction proceedings but was stopped again by Mr. Colvin's most recent bankruptcy attempt. *See* Exhibit A at ¶ 13. Unbeknownst to Tako, Mr. Colvin commenced the present matter by filing his complaint and jury demand on January 18, 2022. *See* Docket No. 1. Never at anytime during the pendency of the instant case has Mr. Colvin served a copy of the complaint and summons on Tako. *See* Exhibit A at ¶ 15.

After the most recent bankruptcy case was dismissed, Tako again attempted to evict Mr. Colvin (Justice Court Case No. 21E014316), however, Mr. Colvin filed a Coversheet for a Notice of Removal to Federal Court. *See* Coversheet Notice of Removal to Federal Court attached hereto as **Exhibit I**. However, at no time was a Notice of Removal actually filed with either the Justice

Court or this Court. Mr. Colvin only attempted to use the federal removal procedures to further delay the eviction process. On August 23, 2022, the Justice Court filed an Order that vacated the hearing to evict Mr. Colvin, which was scheduled for August 25, 2022 on the basis that it deemed the matter was removed to Federal Court. *See* Order Vacating Hearing and Continuing Stay Under Federal Removal attached hereto as **Exhibit J**.

It was at this time that Tako first became aware of the instant case. *See* Exhibit A at ¶ 16. At no time has Mr. Colvin served Tako with a copy of the complaint and summons for the present matter. *Id.* at ¶ 15.

Mr. Colvin has not only abused the Bankruptcy and Federal Court processes, Mr. Colvin has attempted to use the Clark County CARES Housing Assistance Program ("CHAP") to avoid Tako's eviction attempts. *Id.* at ¶ 17. Nevada Assembly Bill No. 486 contains a provision that affords an absolute defense to a tenant from eviction so long as the tenant has a pending CHAP application. Mr. Colvin has filed numerous CHAP applications in effort to subvert the eviction attempts. *Id.* Tako is suffering severe financial hardship as a result of Mr. Colvin's egregious abuses of processes to stay in the Property without paying rent. *Id.* at ¶¶ 18-21. Mr. Colvin has failed to maintain the Property and Tako has not only suffered a loss of rent but has incurred substantial fines from both the HOA and the county for Mr. Colvin's failure to maintain the landscaping. *Id.* at ¶ 19. Tako further has an ongoing obligation to make mortgage payments without the offset of Mr. Colvin's rent payments that have not been forthcoming for over three years. *Id.* at ¶ 20. Finally, Tako has been forced to incur a small fortune in eviction attempts, court fees, and legal expenses associated with Mr. Colvin's never-ending shenanigans. *Id.* at ¶ 21. In desperation, Tako now files this Motion to Deem Mr. Colvin a Vexatious Litigant so as to prevent Mr. Colvin from future abuses of the legal system.

/ / /

### III. LEGAL ARGUMENT

The Court should declare Mr. Colvin a vexatious litigant because Mr. Colvin has abused the Federal and Bankruptcy Court processes to avoid eviction. Courts have the inherent power to enter pre-filing orders against vexatious litigants. *Ortiz v. Cox*, 759 F. Supp 2d 1258, 1263 (D. Nev. 2011) (citing *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007)). However, such a remedy is an extreme precaution which should be entered only after a cautious review of the pertinent circumstances and when the following four conditions are met:

> (1) Plaintiff is given adequate notice to oppose a restrict prefiling order before it is entered;
> (2) The court provides an adequate record for review, including a listing of all the cases and motions that led the court to conclude that a vexatious litigant order was needed;
> (3) The court makes substantive findings as to the frivolous or harassing nature of the litigant's actions; and
> (4) The court order is narrowly tailored.

*Salman v. Department of Treasury, IRS*, 899 F. Supp. 471, 472 (D. Nev. 1995) (citing *Johns v. Town of Los Gatos*, 834 F. Supp. 1230, 1232 (N.D. Cal. 1993)).

Here, the Court should enter an order declaring Plaintiff a vexatious litigant and enjoining Plaintiff from filing any further cases or removals from Las Vegas Justice Court stemming from his occupancy of the Property. All of the *Ortiz* factors are met here.

First, the present motion shall be filed appropriately and served upon Mr. Colvin in conformance with all applicable law and rules. Mr. Colvin will have adequate notice and opportunity to oppose the present motion.

Second, Mr. Colvin's egregious abuses of process are fully set forth in this Motion. Within a nine year period, Mr. Colvin has filed bankruptcy ten times. Six of the most recent attempts were made in the last three years. In the most recent attempt, the bankruptcy court cautioned Mr. Colvin that if he were to file bankruptcy again and similarly not participate in the proceedings, the bankruptcy court would impose a bar from future filings which is the bankruptcy equivalent of the

vexatious litigant remedy. Furthermore, Mr. Colvin has now twice attempted to "remove" the Justice Court eviction proceedings to federal court to delay the eviction proceedings and deprive the Las Vegas Justice Court of jurisdiction to issue an eviction order. In its most recent Order, the Justice Court noted that Mr. Colvin's attempts at federal removal likely constituted an abuse of process. *See* Exhibit J. Finally, Mr. Colvin has attempted on several occasions to subvert the CHAP housing assistance process to avoid eviction.

Mr. Colvin's duplicitous actions, committed in attempt to stay in the Property without honoring his rent obligations, have imposed a financial detriment to Tako. The amounts due and owing under the Lease now exceed $100,000.00 in base rent alone. In addition to the lack of rent, Mr. Colvin has failed to care for the Property resulting in substantial fines from the HOA and county which Tako has been forced to pay. These amounts are exclusive of the small fortune Tako has paid to its eviction company, to court costs, and attorney's fees.

The Court should further note that in almost all of the proceedings, both in Bankruptcy and Federal District Court, Mr. Colvin has only initiated the proceedings and done the bare minimum to maintain the proceedings. In most of the bankruptcy cases, Mr. Colvin simply filed and then took no further action. These facts indicate a complete lack of intent to use said proceedings for the intents and purposes for which they were established. Rather, the facts indicate a craven motive to delay and avoid eviction from the Property to Tako's detriment. Finally, given Mr. Colvin's track record, it is clear that if allowed to go undeterred, Mr. Colvin will continue to abuse the Federal Court processes in the future. Tako requests the Court grant Tako's Motion and incorporate into its Order the foregoing cases as findings in support of the third prong of the *Ortiz* test.

Fourth, Tako seeks a narrowly tailored remedy rather than an across-the-spectrum bar against filing Federal Court matters. Tako does not seek to completely bar Mr. Colvin from filing any further court actions. Rather, Tako seeks the imposition of a bar against future removal of

Justice Court matters that would interfere with any and all eviction proceedings for the Property, and a bar against filing any further cases that deal with the underlying eviction proceedings of the Property. Tako only seeks to stop Mr. Colvin from abusing the Federal Court procedures and the removal procedures to interfere with the eviction proceedings. Mr. Colvin would be free to file in Federal Court any further cases that do not deal with the Property or that do not concern Tako. Therefore, the Court should impose a narrowly tailored bar to forestall Mr. Colvin from his abuse of the federal processes.

## IV.     CONCLUSION

In conclusion, Tako respectfully requests the Court deem Mr. Colvin to be a vexatious litigant and impose a narrowly tailored bar that would enjoin Mr. Colvin from filing additional removal actions of Las Vegas Justice Court eviction matters and/or federal cases that rise from the eviction proceedings.

DATED this 12th day of September 2022.

                              KERR SIMPSON ATTORNEYS AT LAW

                              /s/ Taylor Simpson, Esq.
                              P. STERLING KERR, ESQ.
                              Nevada Bar No. 3978
                              TAYLOR SIMPSON, ESQ.
                              Nevada Bar No. 13956
                              2900 Horizon Ridge Parkway, Suite 200
                              Henderson, Nevada 89052
                              Telephone No. (702) 451-2055
                              Facsimile No. (702) 451-2077
                              Email: sterling@kerrsimpsonlaw.com
                              Email: taylor@kerrsimpsonlaw.com
                              *Attorneys for Tako, LLC*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of Kerr Simpson Attorneys at Law, and the on the 22nd day of September 2022, a true and correct copy of the foregoing **DEFENDANT TAKO LLC'S MOTION TO DEEM PLAINTIFF A VEXATIOUS LITIGANT** was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all parties of record registered to receive CM/ECF notification and via first class United States mail.

Parnell Colvin
6681 Tara Ave.
Las Vegas, NV 89146
Pc681@yahoo.com
*Defendant, Pro Se*

    /s/ Lisa Peters
An employee of LAW OFFICES OF
P. STERLING KERR