Index of Exhibits to
Defendant Tako LLC's Motion to Dismiss and Motion to Deem Plaintiff a Vexatious Litigant

Exhibit A                          Declaration of Qingwen Kong

Exhibit B                          Residential Lease Agreement

Exhibit C                          Bankruptcy Case Search Results

Exhibit D                          Order Granting in Part and Denying in Part Motion to
                                   Dismiss Bankruptcy Case with Prejudice and for Injunction
                                   Against Future Filing

Exhibit E                          Thirty-Day Notice to Quit

Exhibit F                          Application to Proceed in Forma Pauperis

Exhibit G                          Answer to Complaint for Unlawful Detainer

Exhibit H                          Order Granting Motion to Dismiss

Exhibit I                          Coversheet Notice of Removal to Federal Court

Exhibit J                          Order Vacating Hearing and Continuing Stay Under Federal
                                   Removal

# EXHIBIT A

**<u>DECLARATION OF QINGWEN KONG IN SUPPORT OF MOTION TO DISMISS AND
MOTION TO DEEM PLAINTIFF A VEXATIOUS LITIGANT</u>**

1. I, Qingwen Kong have personal knowledge of the truth of the facts contained in this Declaration and of the accuracy and authenticity of the documents attached hereto and referenced herein, except for those stated upon information and belief. I make this declaration under penalty of perjury under the laws of the State of Nevada. If called to testify about the facts and documents referenced herein, I could do so.

2. I am a managing member of Tako, LLC (hereinafter "Tako") which is the Defendant in the above-captioned matter.

3. Tako owns the real property located at 6681 Tara Avenue, Las Vegas, Nevada 89146.

4. On or about March 15, 2018, Tako entered into a Residential Lease Agreement ("Lease") with Mr. Colvin and his spouse Monique Colvin (hereinafter the "Colvins") for a two (2) year period beginning on April 1, 2018 and ending on March 31, 2020.

5. Pursuant to the Lease, the Colvins agreed to pay Tako monthly rent in the amount of Two Thousand Six Hundred Forty Dollars ($2,640.00).

6. On or about June 1, 2019, ten (10) months before the end of the Lease period, the Colvins breached the Lease, and stopped paying monthly rent of $2,640.00 to Tako.

7. To date, Tako is owed thirty-nine (39) months of rent from June 1, 2019 to September 1, 2022. Thus, to date, the Colvins owe to Tako a total of $102,960.00 ($2,640.00 per month x 39 months = $102,960.00) in base rent.

8. The Colvins last paid rent in May of 2019, ten (10) months prior to the expiration of the Lease, as it terminated on March 31, 2020. On or about June 1, 2019, the Colvins breached the Lease and failed to pay Tako the monthly rent of $2,640.00, thus, Tako did not renew the Lease when it expired on or after March 31, 2020.

9. Since June 1, 2019, nine (9) months prior to the COVID-19 shutdown in Nevada, the Colvins have failed to make any rental payments to Tako, while Tako has had the financial burden of paying to maintain the Property, including its Property Manager, real property taxes, insurance, and other expenses.

10. Colvins have never had any ownership interest in the Property at issue but have solely been tenants of the Property.

11. Since the Colvins' breach, Tako has repeatedly attempted to evict the Colvins, however, the Colvins have used various means to delay the proceedings and remain in possession of the Property without paying rent. Mr. Colvin repeatedly filed bankruptcy, fraudulently filed CHAPS applications, or removed the eviction cases to federal court when a hearing

was almost upon us or when the constable was about to lock the Colvins out.

12. One such removal attempt occurred on or about July 21, 2021, Mr. Colvin removed the justice court lawsuit to this Court (Case No. 2:21-cv-01373-APG-BNW) in order to further delay Tako's eviction attempts. On The Court dismissed said case on the basis that the complaint did not state a claim upon which relief could be granted.

13. After the dismissal of the previous federal case, Tako reinitiated eviction proceedings but was stopped again by Mr. Colvin's most recent bankruptcy attempt.

14. Unbeknownst to Tako, Mr. Colvin commenced the present matter by filing his complaint and jury demand on January 18, 2022.

15. Never at anytime during the pendency of the instant case has Mr. Colvin served a copy of the complaint and summons on Tako.

16. It was only as part of some of Mr. Colvin's recent filings in the Las Vegas Justice Court that Tako first became aware of the instant case.

17. Mr. Colvin has not only abused the bankruptcy and federal court processes, Mr. Colvin has attempted to use the Clark County CARES Housing Assistance Program ("CHAP") to avoid Tako's eviction attempts. Mr. Colvin has filed numerous CHAP applications in effort to subvert the eviction attempts.

18. Tako is suffering severe financial hardship as a result of Mr. Colvin's egregious abuses of processes to stay in the Property without paying rent.

19. Mr. Colvin has failed to maintain the Property and Tako has not only suffered a loss of rent but has incurred substantial fines from both the HOA and the county for Mr. Colvin's failure to maintain the landscaping.

20. Tako further has an ongoing obligation to make mortgage payments without the offset of Mr. Colvin's rent payments that have not been forthcoming for over three years.

21. Tako has been forced to incur a small fortune in eviction attempts, court fees, and legal expenses associated with Mr. Colvin's never-ending attempts to subvert the legal system.

22. At this point, my company is desperate to stop the bleeding and evict Mr. Colvin.

### VERIFICATION OF DOCUMENTS

1. In addition to my testimony stated above under oath, I desire to identify and authenticate all documents associated with the filing of this Motion to Dismiss and Motion to Deem Plaintiff a Vexatious Litigant and more particularly all Exhibits.

/ / /

/ / /

2.  I declare under the threat of contempt and perjury that the documents I have identified as the Exhibits attached to the foregoing Motion are in fact documents that I have examined and reviewed and that I am familiar with their content and the circumstances within which they came into existence and were used, limited to the documents that arose from the underlying facts of this case.

FURTHER DECLARANT SAYETH NOT.

DATED this 12th day of September, 2022.



_____
QINGWEN KONG

EXHIBIT B


REALTOR


EQUAL HOUSING
OPPORTUNITY

## RESIDENTIAL LEASE AGREEMENT
for

6681  Tara Ave                                   Las Vegas      NV      89146
(Property Address)

1  **1. This  AGREEMENT** is  entered  into  this  __15th__  day  of  __March__ , 20 __18__ between
2  OWNER'S  Name: __TAKO LLC__ , OWNER'S  Name:_____
3  (collectively  hereinafter,  "OWNER"  and/or  "LANDLORD")  legal  owner(s)  of  the  property  and
4  TENANT's Name: __Parnell Colvin__  TENANT's Name: wife: 503-3815158
5  TENANT's Name: __503-490-6564__  TENANT's Name: __Monique__
6  (collectively, "TENANT"), which parties hereby agree to as follows:
7

8  **2. PREMISES:** LANDLORD hereby leases to TENANT and TENANT hereby leases from LANDLORD, subject to
9  the terms and conditions of the lease, the Premises known and designated as  __6681  Tara Ave__
10  __Las Vegas__        __NV__      __89146__      ("the Premises"). Premises Mail Box #_____,
11  Parking Space # _____ , Storage Unit #_____ , Other _____ .
12

13  **3. TERM:** The term hereof shall commence on _____ __04/01/18__ _____ and continue until _____ __03/31/20__ _____ , with
14  a total rent of $____ __63,360.00__ ____, then on a month-to-month basis thereafter, until either party shall terminate
15  the same by giving the other party thirty (30) days written notice delivered by US mail or electronic mail.  (All
16  calculation based on 30 day month), as governed by paragraph 23 herein
17

18  **4. RENT**: TENANT agrees to pay, without demand, to LANDLORD as rent for the Premises the total sum of
19  _____ __2,640.00__ _____ **per  month** on  the  first  day  of  each  calendar  month,
20  at __6292 Spring Mountain Rd Las Vegas 89146__ or at such other place as
21  LANDLORD may designate in writing.
22

23  **5. SUMMARY:** The initial rents, charges and deposits are as follows:

|  | Total | Received | Balance Due |
|---|---|---|---|
| Rent: From __03/16/18__, To __03/31/18__ | $ 1387 | $ 1387 | $ |
| Security Deposit | $ 2600 | $ 2600 | $ |
| Key Deposit | $ 50 | $ 50 | $ |
| Admin/Credit App Fee (non-refundable) | $ | $ | $ |
| Pet Deposit | $ | $ | $ |
| Cleaning Deposit | $ 300 | $ 300 | $ |
| Cleaning Fee (non-refundable) | $ | $ | $ |
| Additional Security | $ | $ | $ |
| Utility Proration | $ | $ | $ |
| Sewer/Trash Proration | $ 40 | $ 40 | $ |
| Pre-Paid Rent | $ | $ | $ |
| Pro-Rated Rent for _____ | $ | $ | $ |
| Other _____ | $ | $ | $ |
| Other _____ | $ | $ | $ |
| Other _____ | $ | $ | $ |
| **TOTAL** | $ 4377.00 | $ 4377.00 | $ |

41
42  **6. ADDITIONAL MONIES DUE:**
43  **Tenant need to pay rent on April 1, 2018 for $2640(2600+40), Tenant**
44  **agrees to take care the pool, front yard and backyard by tenant**
45  **self.**

Property  __6681  Tara Ave__                              Las Vegas      NV      89146
Owner's Name __TAKO LLC__        Owner's Name _____
Tenant __Parnell Colvin__  Initials _PC_   Tenant _____  Initials _____
Tenant __503-490-6564__  Initials _____   Tenant _____  Initials _____

Residential Lease Agreement Rev. 10.16      © 2016 Greater Las Vegas Association of REALTORS®      Page 1 of 13

This form presented by Xing R Mao | AHP Realty LLC | 7022481818 |
vivianuta@hotmail.com

Instanet

**7. ADDITIONAL FEES:**

    **A. LATE FEES:** In the event TENANT fails to pay rent when due, TENANT shall pay a late fee of $ ___75___ plus $ ___20___ per day for each day after ___3___ days that the sum was due. Such amounts shall be considered to be rent.

    **B. DISHONORED CHECKS:** A charge of $ ___75___ shall be imposed for each dishonored check made by TENANT to LANDLORD. TENANT agrees to pay all rents, all late fees, all notice fees and all costs to honor a returned check with certified funds. After TENANT has tendered a check which is dishonored, TENANT hereby agrees to pay all remaining payments including rent due under this Agreement by certified funds. Any payments tendered to LANDLORD thereafter, which are not in the form of certified funds, shall be treated as if TENANT failed to make said payment until certified funds are received. LANDLORD presumes that TENANT is aware of the criminal sanctions and penalties for issuance of a check which TENANT knows is drawn upon insufficient funds and which is tendered for the purpose of committing a fraud upon a creditor.

    **C. ADDITIONAL RENT:** All late fees and dishonored check charges shall be due when incurred and shall become additional rent. **Payments will be applied to charges which become rent in the order accumulated.** All unpaid charges or any fees owed by TENANT, including but not limited to notice fees, attorney's fees, repair bills, utility bills, landscape/pool repair and maintenance bills and CIC fines will become additional rent at the beginning of the month after TENANT is billed. TENANT'S failure to pay the full amount for a period may result in the initiation of eviction proceedings. LANDLORD'S acceptance of any late fee or dishonored check fee shall not act as a waiver of any default of TENANT, or as an extension of the date on which rent is due. LANDLORD reserves the right to exercise any other rights and remedies under this Agreement or as provided by law.

**8. SECURITY DEPOSITS:** Upon execution of this Agreement,
TENANT's Name:_____**Parnell Colvin**_____   TENANT's Name:_____**503-490-6564**_____
TENANT's Name:_____   TENANT's Name: :_____
shall deposit with LANDLORD as a Security Deposit the sum stated in paragraph 5. **TENANT shall not apply the Security Deposit to, or in lieu of, rent.** At any time during the term of this Agreement and upon termination of the tenancy by either party for any reason, the LANDLORD may claim, from the Security Deposit, such amounts due LANDLORD under this Agreement. Any termination prior to the initial term set forth in paragraph 3, or failure of TENANT to provide proper notice of termination, is a default in the payment of rent for the remainder of the lease term, which may be offset by the Security Deposit. Pursuant to NRS 118A.242, LANDLORD shall provide TENANT with a written, itemized accounting of the disposition of the Security Deposit within thirty (30) days of surrender of premises. TENANT agrees, upon termination of the tenancy, to provide LANDLORD with a forwarding address to prevent a delay in receiving the accounting and any refund. At the termination of this agreement, the TENANT identified in this paragraph will be refunded the remaining security deposit (if any). In the event of damage to the Premises caused by TENANT or TENANT's family, agents or visitors, LANDLORD may use funds from the deposit to repair, but is not limited to this fund and TENANT remains liable for any remaining costs. (In addition to the above, to be refundable, property must be professionally cleaned to include carpets and all hard surface flooring including tile and grout.) Upon request by Landlord, Tenant must furnish receipts for professional cleaning services.

**9. CONDITION OF PREMISES:** TENANT agrees that TENANT has examined the Premises, including the grounds and all buildings and improvements, and that they are, at the time of this Lease, in good order, good repair, safe, clean, and rentable condition.

| Property | 6681 Tara Ave | | Las Vegas | NV | 89146 |
|---|---|---|---|---|---|

| Owner's Name | TAKO LLC | | Owner's Name | | |
|---|---|---|---|---|---|
| Tenant | Parnell Colvin | Initials *PC* | Tenant | | Initials |
| Tenant | 503-490-6564 | Initials | Tenant | | Initials |

Residential Lease Agreement Rev. 10.16          © 2016 Greater Las Vegas Association of REALTORS®          Page 2 of 13

This form presented by Xing R Mao | AHP Realty LLC | 702-248-1818 | vivianutg@hotmail.com

Instanet FORMS

**10. TRUST ACCOUNTS:** BROKER shall retain all interest earned, if any, on security deposits to offset administration and bookkeeping fees.

**11. EVICTION COSTS:** TENANT shall be charged an administrative fee of $ __375__ per eviction attempt to offset the costs of eviction notices and proceedings. TENANT shall be charged for service of legal notices and all related fees according to actual costs incurred.

**12. CARDS AND KEYS:** Upon execution of the Agreement, TENANT shall receive the following:

- __1__ Door key(s)  __1__ Garage Transmitter/Fob(s)  _____ Pool Key(s)
- __1__ Mailbox key(s)  _____ Gate Card/Fob(s)  _____ Other(s) _____
- _____ Laundry Room key(s))  _____ Gate Transmitter/Fob(s)  _____ Other(s) _____

TENANT shall make a key deposit (if any) in the amount set forth in paragraph 2 upon execution of this Agreement. The key deposit shall be refunded within 30 days of TENANT's return of all cards and/or keys to LANDLORD or LANDLORD's BROKER/DESIGNATED PROPERTY MANAGER.

**13. CONVEYANCES AND USES:** TENANT shall not assign, sublet or transfer TENANT'S interest, nor any part thereof, without prior written consent of LANDLORD.  The Premises shall be used and occupied by TENANT exclusively as a private single-family residence. Neither the Premises nor any part of the Premises or yard shall be used at any time during the term of this Lease for any purpose of carrying on any business, profession, or trade of any kind, or for any purpose other than as a private single-family residence. TENANT shall comply with all the health and sanitary laws, ordinances, rules and orders of appropriate governmental authorities and homeowners associations, if any, with respect to the Premises. TENANT understands and acknowledges that they are not permitted to access the attic crawl space, roof or under the home or any other area of the property that is not considered living space.  TENANT shall not commit waste, cause excessive noise, create a nuisance or disturb others.

**14. OCCUPANTS:** Occupants of the Premises shall be limited to __6__ persons and shall be used solely for housing accommodations and for no other purpose.  TENANT represents that the following person(s) will live in the Premises:

**Parnell Colvin, Monique, Malaysia, Elilah, Parnell JR, Annastashia**

**15. GUESTS:** The TENANT agrees to pay the sum of $ __10.00__ per day for each guest remaining on the Premises more than __10__ days.  Notwithstanding the foregoing, in no event shall any guest remain on the Premises for more than __30__ days.

**16. UTILITIES:** TENANT shall immediately connect all utilities and services of premises upon commencement of lease. TENANT is to pay when due all utilities and other charges in connection with TENANT's individual rented premises. Responsibility is described as (T) for TENANT and (O) for Owner:

| Electricity __T__ | Trash __T__ | Trash Can Rental: __T__ | Phone __T__ |
| Gas __T__ | Sewer _____ | Cable __T__ | Other _____ |
| Water __T__ | Septic __T__ | Association Fees __N/A__ | Other _____ |

    a.  TENANT is responsible to connect the following utilities in TENANT'S name: _____

    __ALL__

Property __6681  Tara Ave__  __Las Vegas__  __NV__  __89146__

| Owner's Name | __TAKO LLC__ | | Owner's Name | |
| Tenant | __Parnell Colvin__ | Initials _PC_ | Tenant | Initials _____ |
| Tenant | __503-490-6564__ | Initials _____ | Tenant | Initials _____ |

This form presented by Xing R Mao | AHP Realty LLC | 702-248-1818 | vivianutg@hotmail.com

b.  LANDLORD will maintain the connection of the following utilities in LANDLORD's name and bill TENANT for connection fees and use accordingly for the entire term of the lease: _____

N/A _____

c.  No additional phone or cable lines or outlets or satellite dishes shall be obtained for the Premises without the LANDLORD's written consent. In the event of LANDLORD's consent, TENANT shall be responsible for all costs associated with the additional lines, outlets or dishes. TENANT shall also remove any satellite dishes and restore the subject property to its original condition at the termination of this Agreement.

d.  If an alarm system exists on the Premises, TENANT may obtain the services of an alarm services company and shall pay all costs associated therewith.

e.  TENANT shall not default on any obligation to a utility provider for utility services at the Property. Owner does not pay for any utilities, excluding any such UTILITIES THAT ARE INCLUDED IN HOME OWNER'S ASSOCIATION DUES. TENANT must show all utilities giving service to said property have a zero balance upon move out.

f.  Other: _____
_____

**17. PEST NOTICE:** TENANT understands that various pest, rodent and insect species (collectively, "pests") exist in Southern Nevada. Pests may include, but are not limited to, scorpions (approximately 23 species, including bark scorpions), spiders (including black widow and brown recluse), bees, snakes, ants, termites, rats, mice and pigeons. The existence of pests may vary by season and location. Within thirty (30) days of occupancy, if the Premises has pests, LANDLORD, at TENANT's written request, will arrange for and pay for the initial pest control spraying. TENANT agrees to pay for the monthly pest control spraying fees. For more information on pests and pest control providers, TENANT should contact the State of Nevada Division of Agriculture.

**18. PETS:**  No pet shall be on or about the Premises at any time without written permission of LANDLORD. In the event TENANT wishes to have a pet, TENANT will complete an Application for Pet Approval.  Should written permission be granted for occupancy of the designated pet, an additional security deposit in the amount of $____300____ will be required and paid by TENANT in advance subject to deposit terms and conditions aforementioned.  In the event written permission shall be granted, TENANT shall be required to procure and provide to LANDLORD written evidence that TENANT has obtained such insurance as may be available against property damage to the Premises and liability to third party injury. Said policy shall name LANDLORD and LANDLORD'S AGENT as additional insureds.  A copy of said policy shall be provided to LANDLORD or LANDLORD's BROKER/DESIGNATED PROPERTY MANAGER prior to any pets being allowed within the Premises.  If TENANT obtains a pet without written permission of LANDLORD, such will be an event of default under paragraph 21. TENANT further agrees to pay an immediate fine of $____300____. TENANT agrees to indemnify LANDLORD for any and all liability, loss and damages which LANDLORD may suffer as a result of any animal in the Premises, whether or not written permission was granted.

*(This Space Intentionally Left Blank)*

Property  **6681  Tara Ave**                                                    **Las Vegas**              **NV**    **89146**
Owner's Name              **TAKO LLC**                      Owner's Name _____
Tenant _____**Parnell Colvin**_____  Initials _PC_      Tenant _____  Initials _____
Tenant _____**503-490-6564**_____  Initials _____      Tenant _____  Initials _____

Residential Lease Agreement Rev. 10.16          © 2016 Greater Las Vegas Association of REALTORS®                    Page 4 of 13

This form presented by Xing R Mao | AHP Realty LLC | 702-248-1818 |
vivianutg@hotmail.com

1   **19. RESTRICTIONS:** TENANT shall not keep or permit to be kept in, on, or about the Premises: waterbeds, boats,
2   campers, trailers, mobile homes, recreational or commercial vehicles or any non-operative vehicles except as
3   follows:
4   **N/A**
5
6   **TENANT shall not conduct nor permit any work on vehicles on the premises without the express written**
7   **consent of the Owner.**
8
9   **20. ALTERATIONS:** TENANT shall make no alterations to the Premises without LANDLORD's written consent.
10   Unless otherwise agreed in writing between TENANT and LANDLORD, all alterations or improvements to the
11   Premises become the property of LANDLORD, shall remain upon the Premises, and shall constitute a fixture
12   permanently affixed to the Premises.  Unless otherwise agreed in writing between TENANT and LANDLORD,
13   TENANT shall be responsible for restoring the Premises to its original condition and removing any alterations or
14   improvements if requested by LANDLORD or LANDLORD's BROKER/DESIGNATED PROPERTY
15   MANAGER.
16
17   **21. DEFAULT:** Failure by TENANT to pay rent, perform any obligation under this Agreement, or comply with any
18   Association Governing Documents (if any), or TENANT's engagement in activity prohibited by this Agreement, or
19   TENANT's failure to comply with any and all applicable laws, shall be considered a default hereunder.  Upon
20   default, LANDLORD may, at its option, terminate this tenancy upon giving proper notice.  Upon default,
21   LANDLORD shall issue a proper itemized statement to TENANT noting the amount owed by TENANT, including
22   any and all fees related to eviction and reletting of the subject property.  LANDLORD may pursue any and all legal
23   and equitable remedies available.
24
25   a.   FORFEITURE OF SECURITY DEPOSIT - DEFAULT. It is understood and agreed that TENANT shall not
26        attempt to apply or deduct any portion of any security deposit from the last or any month's rent or use or apply
27        any such security deposit at any time in lieu of payment of rent. If TENANT fails to comply, such security
28        deposit shall be forfeited and LANDLORD may recover the rent due as if any such deposit had not been applied
29        or deducted from the rent due. For the purpose of this paragraph, it shall be conclusively presumed that a
30        TENANT leaving the premises while owing rent is making an attempted deduction of deposits. Furthermore,
31        any deposit shall be held as a guarantee that TENANT shall perform the obligations of the Lease and shall be
32        forfeited by the TENANT should TENANT breach any of the terms and conditions of this Lease. In the event of
33        default, by TENANT, of any obligation in this Lease which is not cured by TENANT within five (5) days'
34        notice from LANDLORD, then in addition to forfeiture of the Security Deposit, LANDLORD may pursue any
35        other remedy available by law, equity or otherwise.
36   b.   TENANT PERSONAL INFORMATION UPON DEFAULT. TENANT understands and acknowledges that if
37        TENANT defaults on lease, LANDLORD or Owner may engage the services of an Attorney or a Collection
38        Agency. TENANT understands and acknowledges that LANDLORD/Owner may give an Attorney or a
39        Collection Agency, TENANT's personal information, including but not limited to, TENANT's social security
40        number or any other information to aid in collection efforts and holds LANDLORD, Broker, and Owner
41        harmless from any liability in relation to the release of any personal information to these entities.
42
43   **22. ENFORCEMENT:** Any failure by LANDLORD to enforce the terms of this Agreement shall not constitute a
44   waiver of said terms by LANDLORD.  Acceptance of rent due by LANDLORD after any default shall not be
45   construed to waive any right of LANDLORD or affect any notice of termination or eviction.
46
47

Property **6681 Tara Ave**                                                         **Las Vegas**          **NV**    **89146**
Owner's Name            **TAKO LLC**                                    Owner's Name
Tenant         **Parnell Colvin**              Initials ___            Tenant _____        Initials _____
Tenant         **503-490-6564**                Initials ___            Tenant _____        Initials _____

a. ABANDONMENT. LANDLORD is entitled to presume per NRS 118A.450 that TENANT has abandoned the Premises if the TENANT is absent from the premises for a period of time equal to one-half the time for periodic rental payments, unless the rent is current or the TENANT has in writing notified the landlord of an intended absence.

b. If at any time during the term of this Lease, TENANT abandons the Premises, LANDLORD shall have the following rights: LANDLORD may, at LANDLORD's option, enter the Premises by any means without liability to TENANT for damages and may relet the Premises, for the whole or any part of the then unexpired term, and may receive and collect all rent payable by virtue of such reletting. At LANDLORD's option, LANDLORD may hold TENANT liable for any difference between the rent that would have been payable under this Lease during the balance of the unexpired term, if this Lease had continued in force, and the net rent for such period realized by LANDLORD by means of such reletting.
LANDLORD also may dispose of any of TENANTs abandoned personal property, pursuant to Nevada law as LANDLORD deems appropriate, without liability to TENANT.

**23. NOTICE OF INTENT TO VACATE:** TENANT shall provide notice of TENANT's intention to vacate the Premises. **Such notice shall be in writing and shall be provided to LANDLORD prior to the first day of the last month of the lease term set forth in Section 3 of this Agreement. In no event shall notice be less than 30 days prior to the expiration of the term of this Agreement.** In the event TENANT fails to provide such notice, TENANT shall be deemed to be holding-over on a month-to-month basis until 30 days after such notice. During a holdover not authorized by LANDLORD, rent shall increase by _____10_____ %.

**24. TERMINATION:** Upon termination of the tenancy, TENANT shall surrender and vacate the Premises and shall remove any and all of TENANT'S property. TENANT shall return keys, personal property and Premises to the LANDLORD in good, clean and sanitary condition, normal wear excepted.

**25. EMERGENCIES:** The name, address and phone number of the party who will handle maintenance or essential services emergencies on behalf of the LANDLORD is as follows: _____
**Carol 702-488-5563, Vivian 702-302-1530**

**26. MAINTENANCE:** TENANT shall keep the Premises in a clean and good condition. TENANT shall immediately report to the LANDLORD any defect or problem on the Premises. TENANT agrees to notify LANDLORD of any water leakage and/or damage within 24 hours of the occurrence. TENANT understands that TENANT may be held responsible for any water and/or mold damage, including the costs of remediation of such damage. TENANT shall be responsible for any **MINOR** repairs necessary to the Premises up to and including the cost of $ ____100____ . TENANT agrees to pay for all repairs, replacements and maintenance required by TENANT's misconduct or negligence or that of TENANT's family, pets, licensees and guests, including but not limited to any damage done by wind or rain caused by leaving windows open and/or by overflow of water, or stoppage of waste pipes, or any other damage to appliances, carpeting or the Premises in general. At LANDLORD's option, such charges shall be paid immediately or be regarded as additional rent to be paid no later than the next monthly payment date following such repairs. TENANT acknowledges any minor repairs made to the Property must be done by an active, licensed and insured contractor.

a. TENANT shall change filters in the heating and air conditioning systems at least once every month, at TENANT's own expense. LANDLORD shall maintain the heating and air conditioning systems and provide for major repairs. However, any repairs to the heating or cooling system caused by dirty filters due to TENANT neglect will be the responsibility of TENANT.

| Property | **6681  Tara Ave** | | | **Las Vegas** | | **NV** | **89146** |
|---|---|---|---|---|---|---|---|
| Owner's Name | **TAKO LLC** | | | Owner's Name | | | |
| Tenant | **Parnell Colvin** | | Initials | Tenant | | Initials | |
| Tenant | **503-490-6564** | | Initials | Tenant | | Initials | |

Residential Lease Agreement Rev. 10.16      © 2016 Greater Las Vegas Association of REALTORS®      Page 6 of 13

This form presented by Xing R Mao | AHP Realty LLC | 702-248-1818 | vivianutg@hotmail.com

InstanetFORMS

b.  TENANT shall replace all broken glass, regardless of cause of damage, at TENANT's expense.

c.  LANDLORD shall be responsible for all systems including heating, cooling, electrical, plumbing and sewer lines. LANDLORD shall be responsible for all major heating, cooling electrical, plumbing and sewer problems that are not caused by TENANT.

d.  There _____ is –OR– __x__ is not a landscape contractor whose name and phone number are as follows:

_____

In the case of landscaping being maintained by a contractor, TENANT agrees to cooperate with the landscape contractor in a satisfactory manner.  LANDLORD-provided landscaping is not to be construed as a waiver of any responsibility of the TENANT to keep and maintain landscaping and/or shrubs, trees and sprinkler system in good condition.

In the event the landscaping is not being maintained by a contractor, TENANT shall maintain lawns, shrubs and trees.  TENANT shall water all lawns, shrubs and trees, mow the lawns on a regular basis, trim the trees and fertilize lawns, shrubs and trees.  If TENANT fails to maintain the landscaping in a satisfactory manner, LANDLORD may have the landscaping maintained by a landscaping contractor and charge TENANT with the actual cost. Said costs shall immediately become additional rent.

e.  There _____ is –OR– __x__ is not a pool contractor whose name and phone number are as follows:

_____

In the case of pool maintenance being maintained by a contractor, TENANT agrees to cooperate with the pool maintenance contractor in a satisfactory manner.  LANDLORD-provided pool maintenance is not to be construed as a waiver of any responsibility of the TENANT to keep and maintain the pool in good condition.

In the event the pool is not being maintained by a Contractor, TENANT agrees to maintain the pool, if any.  TENANT agrees to maintain the water level, sweep, clean and keep in good condition.  If TENANT fails to maintain the pool in a satisfactory manner, LANDLORD may have the pool maintained by a licensed pool service and charge TENANT with the actual cost.  Said costs shall become additional rent.

f.  Smoking _____ will or __x__ will not be permitted in or about the Premises.  TENANT will be charged any costs incurred for the abatement of any damages by unauthorized smoking in the Premises.

**27. ACCESS:** TENANT agrees to grant LANDLORD the right to enter the Premises at all reasonable times and for all reasonable purposes including showing to prospective lessees, buyers, appraisers, insurance agents, periodic maintenance reviews and business therein as requested by LANDLORD. If TENANT fails to keep scheduled appointments with vendors to make necessary/required repairs, TENANT shall pay for any additional charges incurred which will then become part of the next month's rent and be considered additional rent.  TENANT shall not deny LANDLORD his/her rights of reasonable entry to the Premises. LANDLORD shall have the right to enter in case of emergency and other situations as specifically allowed by law. LANDLORD agrees to give TENANT twenty-four (24) hours notification for entry, except in case of emergency.

Property  **6681  Tara Ave**                                                        **Las Vegas**              **NV**    **89146**
Owner's Name              **TAKO LLC**                        Owner's Name  _____
Tenant _____**Parnell Colvin**_____  Initials _*PC*_    Tenant _____  Initials _____
Tenant _____**503-490-6564**_____  Initials _____    Tenant _____  Initials _____

This form presented by Xing R Mao | AHP Realty LLC | 702-248-1818 | vivianutg@hotmail.com

Instanet FORMS

a. **DISPLAY OF SIGNS.** During the last thirty (30) days of this Lease, LANDLORD or LANDLORD's agent may display For Sale or For Rent or similar signs on or about the Premises and enter to show the Premises to prospective purchasers or tenants. TENANT also authorizes Broker to use an electronic keybox to show the Premises during the last 30 days of lease. TENANT further agrees to execute any and all documentation necessary to facilitate the use of a lockbox.

28. **ASSOCIATIONS:** Should the Premises described herein be a part of a common interest community, homeowners association planned unit development, condominium development ("the Association") or such, TENANT hereby agrees to abide by the Governing Documents (INCLUDING Declarations, Bylaws, Articles, Rules and Regulations) of such community and further agrees to be responsible for any fines or penalties levied as a result of failure to do so by TENANT, TENANT's family, licensees or guests. Noncompliance with the Governing Documents shall constitute a violation of this Agreement. Unless billed directly to TENANT by the Association, such fines shall be considered as additional rent and shall be due along with the next monthly payment of rent. By initialing this paragraph, TENANT acknowledges receipt of a copy of the applicable Governing Documents. LANDLORD, at LANDLORD's expense, shall provide TENANT with any additions to such Governing Documents as they become available. LANDLORD may, at its option, with 30 days' notice to TENANT, adopt additional reasonable rules and regulations governing use of the Premises and of the common areas (if any). [_____] [_____] [_____] [_____]

29. **INVENTORY:** It is agreed that the following inventory is now on said premises.  (Check if present; cross out if absent.)

| | | |
|---|---|---|
| ✗ Refrigerator | ___ Intercom System | ___ Spa Equipment |
| ✗ Stove | ___ Alarm System | ___ Auto Sprinklers |
| ✗ Microwave | ___ Trash Compactor | ___ Auto Garage Openers |
| ✗ Disposal | ✗ Ceiling Fans | ___ BBQ |
| ✗ Dishwasher | ___ Water Conditioner Equip. | ___ Solar Screens |
| ✗ Washer | ✗ Dryer | ✗ Pool Equipment |
| ✗ Garage Opener | ___ Gate Remotes | ___ Carpet |

___ Trash Can(s) (circle one) owner provided / trash service provided
✗ Floor Coverings (specify type) **hard wood, Tile, Carpet** _____
✗ Window Coverings (specify type) **Blind** _____

___ _____   ___ _____   ___ _____
___ _____   ___ _____   ___ _____

TENANT acknowledges that any appliances that are on the premises are for TENANTs use and convenience; however, in the event of a breakdown of said appliance(s) TENANT acknowledges that property manager, LANDLORD and or the owners are not responsible for any damages caused to TENANTs personal property, to include spoilage of food, beverage or clothing etc. as a result of said appliance break down.

*(This Space Intentionally Left Blank)*

Property  6681  Tara Ave                                    Las Vegas          NV      89146
Owner's Name _____  TAKO LLC _____     Owner's Name _____
Tenant _____ Parnell Colvin _____  Initials _PC_   Tenant _____  Initials ___
Tenant _____ 503-490-6564 _____  Initials ___   Tenant _____  Initials ___

This form presented by Xing R Mao | AHP Realty LLC | 702-248-1818 | vivianutg@hotmail.com

30. **INSURANCE:** TENANT __x__ is –OR– _____ **is not** required to purchase renter's insurance. LANDLORD BROKERAGE, and DESIGNATED PROPERTY MANAGER shall be named as additional insureds on any such policy. LANDLORD shall not be liable for any damage or injury to TENANT, or any other person, to any property occurring on the Premises or any part thereof, or in common areas thereof. TENANT agrees to indemnify, defend and hold LANDLORD harmless from any claims for damages. TENANT understands that LANDLORD's insurance does not cover TENANT's personal property. If the Premises, or any part of the Premises, shall be partially damaged by fire or other casualty not due to TENANTs negligence or willful act, or that of TENANT's family, agent, or visitor, there shall be an abatement of rent corresponding with the time during which, and the extent to which, the Premises is uninhabitable. If LANDLORD shall decide not to rebuild or repair, the term of this Lease shall end and the rent shall be prorated up to the time of the damage.

TENANT hereby acknowledges that the OWNER of the subject property does __x__ or does not ___ have homeowner's insurance. TENANT agrees to cooperate with homeowner and homeowner's insurance company in all relevant matters. TENANT further agrees, upon written notice, to cease any and all actions that may adversely impact OWNER's insurance coverage under said policy.

31. **ILLEGAL ACTIVITIES PROHIBITED:** TENANT is aware of the following: It is a misdemeanor to commit or maintain a public nuisance as defined in NRS 202.450 or to allow any building or boat to be used for a public nuisance. Any person, who willfully refuses to remove such a nuisance when there is a legal duty to do so, is guilty of a misdemeanor. A public nuisance may be reported to the local sheriff's department. A violation of building, health or safety codes or regulations may be reported to the government entity in our local area such as the code enforcement division of the county/city government or the local health or building departments. In addition continuing violations of HOA rules and regulations will be considered a public nuisance and TENANT hereby agrees that such continuing HOA violations shall be grounds for eviction.

32. **ADDITIONAL RESPONSIBILITIES:**

a. TENANT may install or replace screens at TENANT's own expense. Solar screen installation requires written permission from LANDLORD. LANDLORD is not responsible for maintaining screens.

b. With the exception of electric cooking devices, outdoor cooking with portable barbecuing equipment is prohibited within ten (10) feet of any overhang, balcony or opening, unless the Premises is a detached single family home. The storage and/or use of any barbecuing equipment is prohibited indoors, above the first floor and within five (5) feet of any exterior building wall. Adult supervision is required at all times the barbecue equipment is generating heat.

c. The Premises _____ will –OR– __x__ will not be freshly painted before occupancy. If not freshly painted, the Premises _____ will –OR– __x__ will not be touched up before occupancy. TENANT will be responsible for the costs for any holes or excessive dirt or smudges that will require repainting.

d. TENANT agrees to coordinate transfer of utilities to LANDLORD or BROKER/DESIGNATED PROPERTY MANAGER no less than ___2___ business days of vacating the Premises.

e. Locks may be replaced or re-keyed at the TENANT'S expense provided TENANT informs LANDLORD and provides LANDLORD with a workable key for each new or changed lock. TENANT further agrees to be responsible for any and all such rekey expenses should TENANT fail to notify LANDLORD in advance of any such replacement.

| Property | 6681  Tara Ave | | Las Vegas | NV | 89146 |
|---|---|---|---|---|---|
| Owner's Name | TAKO LLC | | Owner's Name | | |
| Tenant | Parnell Colvin | Initials _PC_ | Tenant | | Initials _____ |
| Tenant | 503-490-6564 | Initials | Tenant | | Initials _____ |

Residential Lease Agreement Rev. 10.16          © 2016 Greater Las Vegas Association of REALTORS®                    Page 9 of 13

f.  TENANT may conduct a risk assessment or inspection of the Premise for the presence of lead-based paint and/or lead-based paint hazards at the TENANT's expense for a period of ten days after execution of this agreement. Such assessment or inspection shall be conducted by a certified lead based paint professional. If TENANT for any reason fails to conduct such an assessment or inspection, then TENANT shall be deemed to have elected to lease the Premises "as is" and to have waived this contingency.  If TENANT conducts such an assessment or inspection and determines that lead-based paint deficiencies and/or hazards exist, TENANT will notify LANDLORD in writing and provide a copy of the assessment/inspection report. LANDLORD will then have ten days to elect to correct such deficiencies and/or hazards or to terminate this agreement. In the event of termination under this paragraph, the security deposit will be refunded to TENANT. (If the property was constructed prior to 1978, refer to the attached Lead-Based Paint Disclosure.)

g.  TENANT may display the flag of the United States, made of cloth, fabric or paper, from a pole, staff or in a window, and in accordance with 4 USC Chapter 1. LANDLORD may, at its option, with 30 days' notice to TENANT, adopt additional reasonable rules and regulations governing the display of the flag of the United States.

h.  TENANT may display political signs subject to any applicable provisions of law governing the posting of political signs, and, if the Premises are located within a CIC, the provisions of NRS 116 and any governing documents related to the posting of political signs. All political signs exhibited must not be larger than 24 inches by 36 inches. LANDLORD may not exhibit any political sign on the Premises unless the TENANT consents, in writing, to the exhibition of the political sign. TENANT may exhibit as many political signs as desired, but may not exhibit more than one political sign for each candidate, political party or ballot question.

i.  DANGEROUS MATERIALS. TENANT shall not keep or have on or around the Premises any article or thing of a dangerous, flammable, or explosive character that might unreasonably increase the danger of fire on or around the Premises or that might be considered hazardous.

**33. CHANGES MUST BE IN WRITING:** No changes, modifications or amendment of this Agreement shall be valid or binding unless such changes, modifications or amendment are in writing and signed by each party.  Such changes shall take effect after thirty days' notice to TENANT. This Agreement constitutes the entire agreement between the Parties and supersedes any prior understanding or representation of any kind preceding the date of this Agreement. There are no other promises, conditions, understandings or other agreements, whether oral or written, relating to the subject matter of this Agreement.

**34. CONFLICTS BETWEEN LEASE AND ADDENDUM:** In case of conflict between the provisions of an addendum and any other provisions of this Agreement, the provisions of the addendum shall govern.

**35. ATTORNEY'S FEES:** In the event of any court action, the prevailing party shall be entitled to be awarded against the losing party all costs and expenses incurred thereby, including, but not limited to, reasonable attorney's fees and costs.

**36. NEVADA LAW GOVERNS:** This Agreement is executed and intended to be performed in the State of Nevada in the county where the Premises are located and the laws of the State of Nevada shall govern its interpretation and effect.

**37. WAIVER:** Nothing contained in this Agreement shall be construed as waiving any of the LANDLORD's or TENANT's rights under the laws of the State of Nevada.

Property  6681  Tara Ave                                      Las Vegas           NV      89146
Owner's Name               TAKO LLC                 Owner's Name
Tenant          Parnell Colvin         Initials ___  Tenant                      Initials ____
Tenant          503-490-6564           Initials ___  Tenant                      Initials ____

Residential Lease Agreement Rev. 10.16          © 2016 Greater Las Vegas Association of REALTORS®                     Page 10 of 13

This form presented by Xing R Mao | AHP Realty LLC | 702-248-1818 | vivianutg@hotmail.com

InstanetFORMS

**38. PARTIAL INVALIDITY:** In the event that any provision of this Agreement shall be held invalid or unenforceable, such ruling shall not affect in any respect whatsoever the validity or enforceability of the remainder of this Agreement.

**39. VIOLATIONS OF PROVISIONS:** A single violation by TENANT of any of the provisions of this Agreement shall be deemed a material breach and shall be cause for termination of this Agreement. Unless otherwise provided by the law, proof of any violation of this Agreement shall not require criminal conviction but shall be by a preponderance of the evidence.

**40. SIGNATURES:** The Agreement is accepted and agreed to jointly and severally. The undersigned have read this Agreement and understand and agree to all provisions thereof and further acknowledge that they have received a copy of this Agreement. This Agreement may be executed in any number of counterparts, electronically pursuant to NRS Chapter 719, and by facsimile copies with the same effect as if all parties to this agreement had signed the same document and all counterparts and copies will be construed together and will constitute one and the same instrument.

**41. LICENSEE     DISCLOSURE     OF     INTEREST:** Pursuant     to     NAC     645.640, _____ is a licensed real estate agent in the State(s) of _____, and has the following interest, direct or indirect, in this transaction: ☐ Principal (LANDLORD or TENANT) –**OR**– ☐ family relationship or business interest: _____.

**42. CONFIRMATION OF REPRESENTATION:** The Agents in this transaction are:

TENANT's Brokerage: _____ Broker's Name: _____
DESIGNATED PROPERTY MANAGER_____
Agent's Name: _____ Xing R Mao _____ Agent's License # _____
Address: _6292 Spring Mountain Rd # 105_                                    **Las Vegas**              **NV    89146**
Phone: _____702-248-1818_____ Fax: _____702-253-7184_____ Email: _____vivianutg@hotmail.com_____

LANDLORD's Brokerage: _____ Broker's Name: _____
DESIGNATED PROPERTY MANAGER_____
Agent's Name: _____ Agent's License # _____
Address: _____
Phone: _____ Fax: _____ Email: _____

**43. NOTICES:** Unless otherwise required by law, any notice to be given or served upon any party hereto in connection with this Agreement must be in writing and mailed by certificate of mailing to the following addresses:

BROKERAGE:_____
DESIGNATED PROPERTY MANAGER_____BROKER_____
Address: _____
Phone: _____ Fax: _____ Email: _____

TENANT: _Parnell Colvin_          _503-490-6564_____
Address: _____
Phone: _____ Fax: _____ Email: _____

Property _6681   Tara Ave_                                                  **Las Vegas**           **NV    89146**
Owner's Name _____TAKO LLC_____                Owner's Name _____
Tenant _____Parnell Colvin_____ Initials _AC_   Tenant _____ Initials _____
Tenant _____503-490-6564_____ Initials _____   Tenant _____ Initials _____

Residential Lease Agreement Rev. 10.16          © 2016 Greater Las Vegas Association of REALTORS®          Page 11 of 13

Instanet

1    **44. MILITARY PROVISION**: IN THE EVENT the TENANT is, or hereafter becomes, a member of the
2    United States Armed Forces on extended active duty and hereafter the TENANT receives permanent change of
3    station orders to depart from the area where the Premises are located, or is relieved from active duty, retires or
4    separates from the military, or is ordered into military housing, then in any of these events, the TENANT may
5    terminate this lease upon giving thirty (30) days written notice to the LANDLORD. The TENANT shall also
6    provide to the LANDLORD a copy of the official orders or a letter signed by the TENANT's commanding officer,
7    reflecting the change, which warrants termination under this clause. The TENANT will pay prorated rent for any
8    days (he/she) occupy the premises past the first day of the month. The security deposit will be promptly returned to
9    the TENANT, provided there are no damages to the premises, as described by law.
10

11    **45. ADDENDA ATTACHED:** Incorporated into this Agreement are the following addenda, exhibits and other
12    information:
13      A. ☐    Lease Addendum for Drug Free Housing
14      B. ☐    Lease Addendum for Illegal Activity
15      C. ☐    Smoke Detector Agreement
16      D. ☐    HOA Rules and Regulations
17      E. ☐    Other:_____
18      F. ☐    Other:_____
19      G. ☐    Other:_____
20      H. ☐    Other:_____
21

22    **46.    ADDITIONAL TERMS AND CONDITIONS:**
23    The Owner holding all the tenant security deposit.
     The owner has agreed to release said security deposit to the tenant
24    within a 30 day(end of the lease date) Said property has been maintained
     according to the property condition report or written, itemized account
25    of the disposition of security deposit to the tenant.
26    Tenant hereby acknowledges property management is with Vivian.
     Final inspection of side property. Please contact Carol Pang:702-488-5563
27    Vivian:702-302-1530
28    Landlord will not allow anybody smoke inside of the premises.
     The landlord has the right to enter the property prior 24 hours notice to
29    the tenant.
30    Tenant needs to take care the front yard and backyard.
     Tenant needs to replace AC filter every month.
31    Tenant agrees to take care the pool, front yard and backyard by tenant
32    self.
33    It is tenant's responsibility to follow all the HOA rules and take care
     the violation letter and fines.
34    Tenant must keep the house clean and in good condition.
35

36

37

38

Property   **6681  Tara Ave**                       **Las Vegas**      **NV**    **89146**
Owner's Name      **TAKO LLC**            Owner's Name _____
Tenant      **Parnell Colvin**    Initials _*AC*_      Tenant _____ Initials _____
Tenant      **503-490-6564**    Initials _____      Tenant _____ Initials _____

Residential Lease Agreement Rev. 10.16      © 2016 Greater Las Vegas Association of REALTORS®      Page 12 of 13

This form presented by Xing R Mao | AHP Realty LLC | 702-248-1818 |
vivianutg@hotmail.com                                      Instanet FORMS

1
2
3
4
5
6
7
8
9
10
11

12  **Landlord agrees to rent the Premises on the above terms and conditions.**

13
14
15  *Xing R Mao*
16  _____  03/15/2018      _____
    LANDLORD/OWNER              DATE          LANDLORD/OWNER                 DATE
17  OR Authorized Signatory                   OR Authorized Signatory
18  TAKO LLC
19  _____          _____
    PRINT NAME                                PRINT NAME
20
21
22  **Tenant agrees to rent the Premises on the above terms and conditions.**
23
24
25  _____  03/15/2018      _____
26  TENANT'S SIGNATURE         DATE          TENANT'S SIGNATURE              DATE
27          Parnell Colvin                         503-490-6564
28  _____          _____
    PRINT NAME                                PRINT NAME
29
30
31  _____          _____
    TENANT'S SIGNATURE         DATE          TENANT'S SIGNATURE              DATE
32
33  _____          _____
34  PRINT NAME                                PRINT NAME
35
36  **Real Estate Brokers and Designated Property Managers:**
37      A. Real estate brokers, licensees, agents, and Designated Property Managers who are not also disclosed as
38         a party to the transaction under paragraph 41 are not parties to this Agreement between Landlord and
39         Tenant.
40      B. Agency relationships are confirmed in paragraph 42.
41
42

Property  6681  Tara Ave
Owner's Name            TAKO LLC              Las Vegas          NV    89146
Tenant        Parnell Colvin        Initials  _A_   Owner's Name _____
Tenant        503-490-6564          Initials        Tenant _____  Initials _____
                                                     Tenant _____  Initials _____

Residential Lease Agreement Rev. 10.16    © 2016 Greater Las Vegas Association of REALTORS®                Page 13 of 13

This form presented by Xing R Mao | AHP Realty LLC | 702-248-1818 |
vivianutg@hotmail.com                                                                    Instanet FORMS

EXHIBIT C

# Select a Case

**There were 8 matching persons.**

**There were 9 matching cases.**

| Name | Case No. | Case Title | Chapter / Lead BK case | Date Filed | Party Role | Date Closed |
|---|---|---|---|---|---|---|
| COLVIN, PARNELL (pty) (1 case) | 19-13142-mkn | PARNELL COLVIN | 7 | 05/17/19 | Debtor | 07/25/19 |
| COLVIN, PARNELL III (pty) (1 case) | 15-12810-leb | PARNELL COLVIN, III | 7 | 05/15/15 | Debtor | 07/21/15 |
| COLVIN, PARNELL (pty) (1 case) | 21-14974-abl | PARNELL COLVIN | 7 | 10/18/21 | Debtor | 06/27/22 |
| COLVIN, PARNELL (pty) (1 case) | 15-16662-mkn | PARNELL COLVIN | 7 | 11/30/15 | Debtor | 03/11/16 |
| COLVIN, PARNELL (pty) (1 case) | 22-11413-abl | PARNELL COLVIN | 7 | 04/22/22 | Debtor | 08/17/22 |
| COLVIN, PARNELL (pty) (1 case) | 17-10614-mkn | PARNELL COLVIN | 7 | 02/13/17 | Debtor | 12/05/17 |
| COLVIN, PARNELL SR (pty) (1 case) | 21-12012-abl | PARNELL SR COLVIN | 7 | 04/21/21 | Debtor | 08/09/21 |
| COLVIN, III, PARNELL (pty) (2 cases) | 19-14597-mkn | PARNELL COLVIN, III | 7 | 07/18/19 | Debtor | 12/05/19 |
| | 19-16459-mkn | PARNELL COLVIN, III | 7 | 10/04/19 | Debtor | 01/23/20 |



**PACER Service Center**

**Transaction Receipt**

09/09/2022 11:45:08

| PACER Login: | GeorgRobinbg | Client Code: | Qingwen Kong |
|---|---|---|---|
| Description: | Search | Search Criteria: | LName: Colvin FName: Parnell |
| Billable Pages: | 1 | Cost: | 0.10 |

# EXHIBIT D

_____

Honorable August B. Landis
United States Bankruptcy Judge

Entered on Docket
August 01, 2022

KRISTINA L. HILLMAN, Bar No. 7752
SEAN W. McDONALD, Bar No. 12817
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
3199 E. Warm Springs Road, Suite 400
Las Vegas, Nevada 89120
Telephone (702) 508-9282
Fax (510) 337-1023
E-Mail:  khillman@unioncounsel.net
          smcdonald@unioncounsel.net
          bankruptcycourtnotices@unioncounsel.net

Attorneys for Creditor, Laborers' International
Union of North America, Local 872

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No. BK-22-11413-abl |
| PARNELL COLVIN, | Chapter 7 |
| Debtor(s). | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS BANKRUPTCY CASE WITH PREJUDICE AND FOR INJUNCTION AGAINST FUTURE FILING** |
| | Hearing Date: July 6, 2022<br>Hearing Time: 9:30 a.m.<br>Courtroom:   Remote |

The Court, having reviewed and considered the Motion to Dismiss Bankruptcy Case with

Prejudice and for Injunction Against Future Filing ("Motion"), ECF No. 14, filed by Creditor,

Laborers' International Union of North America, Local 872 ("Union"), by and through its counsel

of record, Sean W. McDonald of Weinberg, Roger & Rosenfeld, A Professional Corporation;

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
3199 E. Warm Springs Road, Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

having reviewed and considered all the pleadings and papers filed in support of the Motion;

having conducted a hearing with respect to the Motion on July 6, 2022, at 9:30 a.m., with Sean W.

McDonald of Weinberg, Roger & Rosenfeld, appearing on behalf of the Union in support of the

Motion, and Debtor Parnell Colvin and Chapter 7 Trustee Brian Shapiro also appearing as noted

on the record of such hearing; having found that adequate and proper notice of the Motion and of

such hearing was provided to the above-captioned Debtor, Parnell Colvin, and to parties in

interest; having noted on the record of such hearing that the Debtor failed to file a written

opposition to the Motion, but despite that failure the Court nonetheless heard from Debtor in

opposition to the Motion; the Court finding it has jurisdiction to proceed under 28 U.S.C. §§ 157

and 1334 and that this is a core proceeding under 28 U.S.C. § 157(b)(2); and having stated its

other findings of fact and conclusions of law on the record at the conclusion of such hearing,

pursuant to Fed. R. Bankr. P. 7052, made applicable to this contested matter by Fed. R. Bankr. P.

9014;

      **NOW, THEREFORE**, good cause appearing, the Court **ORDERS** as follows:

      **IT IS ORDERED** that the Motion is **GRANTED IN PART** and **DENIED IN PART** as

set forth herein.

      **IT IS FURTHERED ORDERED** that the above-captioned bankruptcy case is

automatically dismissed by operation of Section 521(i)(1) of the Bankruptcy Code due to the

Debtor's failure to timely file all documents as required by Section 521(a)(1) of the Code.

      **IT IS FURTHERED ORDERED** that the above-captioned bankruptcy case is also

dismissed, without prejudice, under Section 707(a) of the Code because, in addition to the

Debtor's failure to file all information required by Section 521(a)(1) of the Code, the Debtor's

history of nine previous failed bankruptcy petitions (ten counting this one) amounts to

unreasonable delay to all creditors that is prejudicial to creditors.

      **IT IS FURTHERED ORDERED** that the Court declines Creditor Union's request to

impose a bar to refiling at this time, for the reasons stated on the record. As detailed in the Court's

admonishments to the Debtor made on the record, the Court warns the Debtor that if Debtor files

another bankruptcy petition after this case, but fails to comply with his duties as a debtor as laid

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
3199 E. Warm Springs Road, Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

1    out in the Bankruptcy Code and Federal Rules of Bankruptcy Procedure in that case, such as by

2    failing to timely obtain required credit counseling, failing to file a complete petition with all

3    complete required schedules and other documents in support of the petition, failing to attend the

4    meeting of creditors, or otherwise failing to properly prosecute the case, the Court will be inclined

5    to grant a bar to re-filing if a motion to dismiss is brought in a future case, for the reasons stated

6    on the record.

7          **IT IS FURTHERED ORDERED** that the Clerk of the Court shall close this case as

8    dismissed consistent with this Order.

9    Respectfully submitted by:

10   WEINBERG, ROGER & ROSENFELD
     A Professional Corporation
11   By:      */s/ Sean W. McDonald*
              Sean W. McDonald, Esq.
12            Nevada Bar No. 12817
              3199 E Warm Springs Rd Ste 400
13            Las Vegas, NV 89120
              *Attorney for Creditor Laborers' International*
14            *Union of North America, Local 872*

15   153769\1287698

16

17

18

19

20

21

22

23

24

25

26

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
3199 E. Warm Springs Road, Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

Page 3 of 4

## __LR 9021 CERTIFICATION__

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that:

☑     The court has waived the requirement set forth in LR 9021(b)(1).

☐     No party appeared at the hearing or filed an objection to the motion.

☐     I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐     I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

<u>I declare under penalty of perjury that the foregoing is true and correct.</u>

Executed this 29th day of July, 2022.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By:    _/s/ Sean W. McDonald_
         KRISTINA L. HILLMAN, Bar No. 7752
         SEAN W. McDONALD, Bar No. 12817

Attorneys for Creditor, Laborers' International Union of North America, Local 872

# # #

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
3199 E. Warm Springs Road, Suite 400
Las Vegas, Nevada 89120
(702) 508-9282

Page 4 of 4

# EXHIBIT E

# THIRTY-DAY "NO CAUSE" NOTICE TO QUIT
## (NRS 40.251)

TO: PARNELL COLVIN, ETAL
*Tenant(s) Name(s)*

6681 TARA AVE
*Address*

LAS VEGAS, NV 89146
*City, State, Zip Code*

FROM: TAKO LLC
*Landlord's Name*

215 E WARM SPRINGS RD #109
*Address*

LAS VEGAS, NV 89119
*City, State, Zip Code*

702-896-8995
*Telephone Number*

Date of Service: 08/02/21

**PLEASE TAKE NOTICE** that you are hereby required to vacate the premises within thirty (30) calendar days following the Date of Service of this notice. If you do not comply with this notice, your possession of the premises will be unlawful (called "unlawful detainer"), and your landlord may initiate an eviction against you by either serving you with a Five-Day Notice to Quit for Unlawful Detainer or a Summons and Complaint for Unlawful Detainer. If the court determines that you are guilty of an unlawful detainer, the court may issue a summary order for your removal or an order providing for your nonadmittance, directing the sheriff or constable to remove you within twenty-four (24) hours after receipt of the order.

If you are sixty (60) years of age or older, or if you have a physical or mental disability, and your tenancy is not week-to-week, you may make a written request to your landlord to be allowed to continue in possession of the rental premises for an additional thirty (30) days past the expiration of this notice. You must provide your landlord with proof of your age or disability with your written request. If your landlord rejects your request, you have the right to petition the court to continue in possession of the rental unit for an additional thirty (30) days.

Pursuant to NRS 40.251, if you receive this notice during a government shutdown and you are a federal worker, tribal worker, state worker, or household member of such a worker, you may request to be allowed to continue in possession during the period commencing on the date on which a shutdown begins and ending on the date that is 30 days after the date on which the shutdown ends by submitting a written request for the extended period and providing proof that you are a federal worker, tribal worker, state worker, or household member of such a worker during a shutdown. The landlord who receives this request shall allow you to continue in possession for the period requested unless the court orders otherwise.

Pursuant to NRS 118A.390, you may seek relief if a landlord unlawfully removes you from the premises, or excludes you by blocking or attempting to block your entry upon the premises, or willfully interrupts or causes or permits the interruption of an essential service required by the rental agreement or chapter 118A of the Nevada Revised Statutes.

**YOU CAN OBTAIN INFORMATION ABOUT YOUR RIGHTS AND RESPONSIBILITIES** in this matter from the Civil Law Self-Help Center, which is located on the first floor of the Regional Justice Center in downtown Las Vegas, or on its website, www.CivilLawSelfHelpCenter.org.

## DECLARATION OF SERVICE
JUN 0 2 2021

On *(insert date of service)* _____, I served this notice in the following manner *(check only one)*:

☐ By delivering a copy to the tenant(s) personally.

☐ Because the tenant(s) was absent from tenant's place of residence, by leaving a copy with *(insert name or physical description of person served)* _____, a person of suitable age and discretion, AND mailing a copy to the tenant(s) at tenant's place of residence.

☒ Because neither tenant nor a person of suitable age or discretion could not be found there, by posting a copy in a conspicuous place on the property, AND mailing a copy to the tenant(s) at the place where the property is situated.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

JUN 0 2 2021 _____ Kevin Dunn _____ R-2019-03009/NV#1711 _____ _____
*(Date)* _____ *(Server's Name)* _____ *(Server's Badge/License #)* _____ *(Server's Signature)*

---

[1] A server who does not have a badge or license number may be an agent of an attorney licensed in Nevada. Notices served by agents must also include an attorney declaration as proof of service.

(Rev. 6/25/19)

© 2019 – *Civil Law Self-Help Center*

## UNITED STATES POSTAL SERVICE

### Certificate of Mailing – Firm (Domestic)

| Name and Address of Sender | Total No. of pieces listed by Sender | Total No. of pieces received at Post office | Postmaster, Per (Signer) |
|---|---|---|---|
| VVE<br>215 E WARM SPRINGS RD<br>#109<br>LAS VEGAS, NV 89119 | 26 | 26 | |

U.S. POSTAGE PAID
LAS VEGAS, NV
89199
JUN 02, 21
AMOUNT
$11.44
R2307M162619-48

JUN -9 2021

| | Address |
|---|---|
| 1 | BRANDY PROVENZANO, ETAL<br>113 WOODLEY ST LAS VEGAS, NV 89106 |
| 2 | SAMAICA DAVIS, ETAL<br>4300 W LAKE MEAD BLVD #202 LAS VEGAS, NV 89108 |
| 3 | JOSE RUIZ, CINDY EVANGELISTA, ETAL<br>1387 STILLWATER BRIDGE ST LAS VEGAS, NV 89142 |
| 4 | SAVANNAH LIN ROSA, RONALD ROSA, ETAL<br>2153 GRAVEL HILL ST #104 LAS VEGAS, NV 89117 |
| 5 | PATRICIA A. LOREE, JOHN NEVAREZ, ETAL<br>6628 IRONBOUND BAY AVE LAS VEGAS, NV 89139 |
| 6 | JEFFREY HEITNER, NICCOLE LEE HEITNER, ETAL<br>3220 MALIBU VISTA ST LAS VEGAS, NV 89117 |
| 7 | JENNIFER VARGAS, JUAN ALVERADO, ETAL<br>6432 BANNOCK WAY LAS VEGAS, NV 89107 |
| 8 | PARNELL COLVIN, ETAL<br>6661 TARA AVE LAS VEGAS, NV 89146 |
| 9 | ERIC JIMENEZ, ETAL<br>1804 DAVID AVE LAS VEGAS, NV 89101 |
| 10 | ACC INDUSTRIES INC, JOHN SANCHEZ, ETAL<br>11090 BANDON DUNES CT LAS VEGAS, NV 89141 |
| 11 | TULAY BESI, ETAL<br>840 KING RICHARD AVE #43 LAS VEGAS, NV 89119 |
| 12 | ELLA HAWES, ETAL<br>4224 THYME AVE LAS VEGAS, NV 89110 |
| 13 | DARIC DUNCAN, ETAL<br>436 ANATOLIA LN LAS VEGAS, NV 89145 |

| | Address |
|---|---|
| 14 | RUDY ARAUJO, AUTUMN HUERTA, ETAL<br>3059 KEY LARGO DR #204 LAS VEGAS, NV 89120 |
| 15 | LARRY GORDON WENTZKY, ETAL<br>4505 PARADISE RD #3125 LAS VEGAS, NV 89169 |
| 16 | NICOLE CHARLOTTE ANDERSON, ETAL<br>4505 PARADISE RD #3221 LAS VEGAS, NV 89169 |
| 17 | KEAIRA BELVINS, ETAL<br>831 S 3RD ST #9 LAS VEGAS, NV 89101 |
| 18 | WENDY DELGADO, ETAL<br>4637 DENNIS WAY LAS VEGAS, NV 89121 |
| 19 | BRITTANY ANDERSON, JEREMIAH ANDERSON, ETAL<br>7221 EAGLE CREST ST LAS VEGAS, NV 89131 |
| 20 | RICHARD RUPPERT, ETAL<br>10511 HAYWOOD DR LAS VEGAS, NV 89135 |
| 21 | RICHARD ABBINANTI, ETAL<br>831 S 3RD ST #6 LAS VEGAS, NV 89101 |
| 22 | RYAN JUSTICE, ETAL<br>831 S 3RD ST #18 LAS VEGAS, NV 89101 |
| 23 | BIANCA DANIELLE STILL, ETASL<br>4505 PARADISE RD #6610 LAS VEGAS, NV 89169 |
| 24 | FELIKS GALSTYAN, ETAL<br>2010 ALBERTI CT LAS VEGAS, NV 89117 |
| 25 | MARTHA SANDOVAL, ETAL<br>3145 MOUNTAIN SPRING RD LAS VEGAS, NV 89146 |
| 26 | HUILAN CUI, ETAL<br>9405 GREENVILLE AVE LAS VEGAS, NV 89134 |

EXHIBIT F

Las Vegas Justice Court
Electronically Filed
7/19/2021 1:52 PM
Melissa Saragosa
CLERK OF THE COURT

**AAFW**

Name: Parnell Colvin

Address: 6681 Tara Ave

City, State, Zip: Las Vegas, Nv 89146

Phone: (503) 490-6564

Email: PC681@YAHOO.COM

## JUSTICE COURT, LAS VEGAS TOWNSHIP
## CLARK COUNTY, NEVADA

| | |
|---|---|
| TAKO LLC | **CASE NO.:** 21E014316 |
| Plaintiff, | |
| vs. | **DEPT:** Department #: LVJC Civil Evictions |
| Parnell Colvin | |
| Defendant. | |

### Application to Proceed in Forma Pauperis

I am unable to pay the costs of prosecuting or defending this action. I request permission to proceed without paying costs or fees pursuant to NRS 12.015 based on the following:

1. **Public Assistance** includes Medicaid, Nevada Check Up, SNAP (food stamp assistance), TANF, Low-income energy assistance, Child Care & Development Fund assistance. Please indicate whether or not you receive one or more of the above listed benefits.
   - ☐ Yes I receive one or more of the above listed benefits.
   - ☑ No I do not receive any of the above listed benefits

2. **Household Members**: In my household there are 2 adults (over 18) and 4 children (under 18) for a total of 6 people.

3. **Income** includes employment (include tips/overtime), unemployment, retirement, pension, social security, child support. Please list all income for household member: (*all numbers should be after taxes are taken out*):

For each adult in the home, list net monthly income (*after taxes*):

| | |
|---|---|
| My total income | $ 1300 |
| Household Adult #1 total income | $0 |
| Household Adult #2 total income | $0 |
| Household Adult #3 total income | $0 |
| Household Adult #4 total income | $0 |
| Household Adult #5 total income | $0 |
| **HOUSEHOLD TOTAL** | $0 |

4. **My basic monthly expense include:** *Fill out the chart below.*

| Rent / Mortgage | $2600 |
|---|---|
| Utilities (electric, gas, water, phone, other utilities) | $500 |
| Food | $500 |
| Child care | $0 |
| Medical expenses (health insurance, co-pays, out of pocket expenses) | $0 |
| Transportation (bus fare, car, gas, insurance) | $300 |
| Other: | $ |
| **TOTAL** | $3900 |

5. **Other Compelling Reason.** Explain why you cannot pay the filing fee.

_____

_____

_____

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

DATED (*month*) JULY_____ (*day*) 19 , 20 21 .

Submitted By: (*Signature*) ▶ _____

Printed Name: **Parnell COLVIN**_____

---

**FOR COURT USE ONLY**

Upon consideration of the movant's Application to Proceed in Forma Pauperis, and good cause appearing therefore,

☒ The Application to Proceed in Forma Pauperis is **GRANTED**. The applicant shall be permitted to proceed with fees and costs waived in this action as permitted by NRS 12.015.

☐ The Application to Proceed in Forma Pauperis is **DENIED** for the following reasons:
☐ The applicant is not indigent within the meaning of NRS 12.015
☐ The application was incomplete or not legible.

Deputy Clerk: J. Aquirre

7/19/2021

_____         _____
Date                              Justice of the Peace/Clerk of Court

© 2021 Civil Law Self-Help Center    Fee Waiver Application
Page 2 of 2

EXHIBIT G

Las Vegas Justice Court
Electronically Filed
7/19/2021 1:52 PM
Melissa Saragosa
CLERK OF THE COURT

**JUSTICE COURT, TOWNSHIP OF LAS VEGAS**
**CLARK COUNTY, NEVADA**

Plaintiff's
Name:     **TAKO LLC**

                    Plaintiff,

        vs.

Defendant's
Name:        **Parnell Colvin**
Address:     **6681 Tara Ave**
City,State,Zip: **Las Vegas, Nv 89146**
Phone:       **(503) 490-6564**
E-Mail:      **PC681@YAHOO.COM**

                    Defendant.

Case No.: **21E014316**
Dept No.: Department #: LVJC Civil Evictions

## ANSWER TO COMPLAINT FOR UNLAWFUL DETAINER

Defendant, appearing in proper person, answers the Complaint for Unlawful Detainer filed by Plaintiff in this case as follows *(transfer each paragraph number from Plaintiff's complaint onto one of the lines below to indicate whether you admit, deny, or do not have enough information to answer the allegations in that paragraph):*

　　1.　I ADMIT the allegations contained in the following paragraphs of Plaintiff's Complaint for Unlawful Detainer: _____

　　2.　I DENY the allegations contained in the following paragraphs of Plaintiff's Complaint for Unlawful Detainer: Yes I deny the allegations. _____.

　　3.　I DO NOT HAVE ENOUGH KNOWLEDGE OR INFORMATION to form a belief about the truth of the allegations in the following paragraphs of Plaintiff's Complaint for Unlawful Detainer: _____, and I deny them on that basis.

## AFFIRMATIVE DEFENSES

*(Check the box next to the type of eviction notice you received, if any, and the box next to each defense that applies to your case:)*

☐　4.　I received a Three-Day Notice to Quit Following Sale and/or a Notice of Change of Ownership and a complaint that claims the premises where I live have been sold.  I am the *(check one box)* ☐ former owner, ☐ tenant of the former owner, ☐ other occupant *(explain)* _____ of the premises.

I believe I have the following defenses:

☐　Plaintiff failed to comply with NRS 40.255 or other requirement of Chapter 40 of the

© 2014 Civil Law Self-Help Center
Clark County, Nevada

ANSWER TO COMPLAINT FOR UNLAWFUL DETAINER
(REV. 2.1.82-01-14)

**For forms and information, visit www.civillawselfhelpcenter.org**

Case Number: 21E014316

Nevada Revised Statutes.

☐ Plaintiff failed to comply with Chapter 107 of the Nevada Revised Statutes governing sales made after foreclosure or pursuant to power granted in a deed of trust.

☒ Other defense *(state your defense and the facts that support it)*: _____

_____

_____

☐ 5. I received a Five-Day Notice to Pay Rent or Quit and a complaint that claims I owe rent. I believe I have the following defenses:

☐ I paid my rent in full.

☒ I offered to pay my rent, but Plaintiff refused to accept it.

☐ Plaintiff accepted partial payment of my rent.

☐ *(To raise this defense, you must deposit your rent into the court's rent escrow account.)* I gave Plaintiff written notice describing Plaintiff's failure to maintain my rental unit in a habitable condition. Plaintiff did not fix, or make a reasonable effort to fix, the habitability problem within 14 days after my notice. So I am withholding payment of rent.

☐ *(To raise this defense your rent must have been current at the time you gave written notice to Plaintiff.)* I gave Plaintiff written notice of an "essential services" problem at my rental unit (heat, air conditioning, running or hot water, electricity, gas, a working door lock, or other essential item or service). Plaintiff did not fix, or make a reasonable effort to fix, the problem within 48 hours after my notice. So I am withholding payment of rent.

☐ I corrected a habitability problem at my rental unit and am deducting the cost from my rent after giving Plaintiff an itemized statement. I gave Plaintiff written notice of the habitability problem and stated my intention to repair. Plaintiff did not fix the problem within 14 days after my notice.

☒ Other defense *(state your defense and the facts that support it)*: Notices are in violation of federal law plaintiif never got permission to lift stay before serving the notices and I am still covered by CDC eviction moratorium.

© 2014 Civil Law Self-Help Center
Clark County, Nevada

Page 2 of 5

ANSWER TO COMPLAINT FOR UNLAWFUL DETAINER
(REV. 2.1.82-01-14)

For forms and information, visit www.civillawselfhelpcenter.org

☐ 6.   I received a Three-Day Notice to Quit and a complaint that claims that I committed nuisance or waste, am improperly assigning/subletting or conducting an unlawful business, or that I violated controlled substance laws.  I believe I have the following defenses:

☐   The acts described in the complaint do not meet the legal definition of "nuisance" under NRS 40.2514(4).

☐   Other defense *(state your defense and the facts that support it)*: _____

_____

_____

☐ 7.   I received a Five-Day Notice to Perform Lease Condition or Quit and a complaint that claims I have violated my lease.  I believe I have the following defenses:

☐   I fixed (or "cured") the alleged violation of my lease agreement within three days of Plaintiff's notice to me.

☒   Other defense *(state your defense and the facts that support it)*: Plaintiff has violated federal laws so under TITTLE 28 USC SECTION 1414. I will be removing to federal court, Once I get case number I will file notice with this court.

☐ 8.   I received a Seven-Day or Thirty-Day "No Cause" Notice to Quit.  I believe I have the following defenses:

☐   My lease agreement has not expired and will not expire until *(insert date)* _____

_____.

☐   My lease agreement has expired, but Plaintiff renewed my tenancy by accepting rent for a new rental period and/or entering into a new lease agreement.

☐   I received a thirty-day notice to quit and am 60 years of age or older or have a physical or mental disability, and I submitted a written request to Plaintiff (along with proof of my age or disability) on *(insert date)* _____, asking to continue in possession for an additional 30 days.  Plaintiff *(check one)* ☐ approved my request on *(insert date)* _____, ☐ rejected my request, or ☐ has not responded to my request.

☐   Other defense *(state your defense and the facts that support it)*: _____

_____

_____

© 2014 Civil Law Self-Help Center
Clark County, Nevada

ANSWER TO COMPLAINT FOR UNLAWFUL DETAINER

For forms and information, visit www.civillawselfhelpcenter.org

1   ☐ 9.   This action is brought in violation of the Federal Fair Housing Act or Nevada laws

2         forbidding discrimination in housing.

3   ☐ 10.  This action is brought in violation of NRS 118A.510, which prohibits a landlord from

4         terminating a tenancy in retaliation for a tenant having engaged in certain protected acts.

5   ☐ 11.  Plaintiff's eviction notice to me did not comply with Nevada law or was not served on me

         as required by NRS 40.280.

6   ☐ 12.  Other defense *(state your defense and the facts that support it)*: _____

7         _____

8         _____

9         THEREFORE, I request that Plaintiff take nothing requested in Plaintiff's complaint.

10        I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true

11   and correct.

12   07/19/2021 _____   Parnell Colvin _____   _____

13      *(Date)*                *(Type or Print Name)*              *(Signature)*

14

15                        **VERIFICATION**
                          (PER NRS 15.010)

16        Under penalties of perjury, I declare that I am the Defendant named in this Answer to Complaint

17   for Unlawful Detainer and know the contents of the answer; that the answer is true of my knowledge,

     except as to those matters stated on information and belief, and that as to those matters I believe them to

18   be true.

19        I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true

20   and correct.

21

22   07/19/2021 _____   Parnell Colvin _____   _____

23      *(Date)*                *(Type or print name)*              *(Signature)*

24

25

26

27

28

## CERTIFICATE OF SERVICE

I CERTIFY that on *(insert date answer was served)*　　07/19/2021　　, I served the

**ANSWER TO COMPLAINT FOR UNLAWFUL DETAINER**, pursuant to JCRCP 5(b), by the

following method *(check one box)*:

☒　Depositing a copy of the answer in the United States Mail, postage prepaid, to the address listed

below *(below insert name and mailing address of Plaintiff or Plaintiff's attorney)*.

☐　Delivering, by hand delivery, a copy of the answer to the address listed below and leaving it (i) with

Plaintiff or Plaintiff's attorney; (ii) at the office of Plaintiff or Plaintiff's attorney with a person in

charge or, if there is no one in charge, in a conspicuous place; or (iii) at Plaintiff's dwelling house

with a person of suitable age and discretion residing there *(below insert name and mailing address of

Plaintiff, Plaintiff's attorney, or person of suitable age and discretion, as applicable)*.

Tako LLC

2411 Taragato Ave

Henderson, Nv

89052

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true

and correct.

07/19/2021　　　　Parnell Colvin
*(Date)*　　　　　*(Type or Print Name)*　　　　　*(Signature)*

© 2014 Civil Law Self-Help Center
Clark County, Nevada

Page 5 of 5

ANSWER TO COMPLAINT FOR UNLAWFUL DETAINER
(Rev. 2.1.02-01-14)

For forms and information, visit www.civillawselfhelpcenter.org

# United States Bankruptcy Court

## District of Nevada

## Transaction Form

RECEIVED

2021 APR 21  A 10: 25

U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

RECEIVED

2021 APR 21  A 10: 25

U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

Date: 04/21/2021

**Please print clearly.**

Name: PARNELL COLVIN SR    Case Number (if known): BK-21-12012-ABL

Email: PC661@YAHOO.COM

Phone: 702 287-6800

☒ New Case Filing          Circle one:   Adversary    Bankruptcy

☐ Payment (made out to **United States Bankruptcy Court** or **USBC**).

**NOTE:** We do not accept cash payments. Please obtain a money order or cashier's check. Payments, with name and case number, may be mailed to:

**US Bankruptcy Court, 300 Las Vegas Blvd., Las Vegas, NV 89101**

☐ Submitting Additional Documents

☒ Other:
please contact me via email and cell number (702) 287-6800 immediately so I can provide my case number to my creditors thank you.

Parnell Colvin Sr.

# THIRTY-DAY "NO CAUSE" NOTICE TO QUIT
## (NRS 40.251)

TO: PARNELL COLVIN, ETAL                  FROM: TAKO LLC
_____          _____
*Tenant(s) Name(s)*                                    *Landlord's Name*

6681 TARA AVE                             215 E WARM SPRINGS RD #109
*Address*                                 *Address*

LAS VEGAS, NV 89146                       LAS VEGAS, NV 89119
*City, State, Zip Code*                   *City, State, Zip Code*

                                          702-896-8995
                                          _____
                                          *Telephone Number*

Date of Service:  06/02/21
_____

**PLEASE TAKE NOTICE** that you are hereby required to vacate the premises within thirty (30) calendar days following the Date of Service of this notice. If you do not comply with this notice, your possession of the premises will be unlawful (called "unlawful detainer"), and your landlord may initiate an eviction against you by either serving you with a Five-Day Notice to Quit for Unlawful Detainer or a Summons and Complaint for Unlawful Detainer. If the court determines that you are guilty of an unlawful detainer, the court may issue a summary order for your removal or an order providing for your nonadmittance, directing the sheriff or constable to remove you within twenty-four (24) hours after receipt of the order.

> If you are sixty (60) years of age or older, or if you have a physical or mental disability, and your tenancy is not week-to-week, you may make a written request to your landlord to be allowed to continue in possession of the rental premises for an additional thirty (30) days past the expiration of this notice. You must provide your landlord with proof of your age or disability with your written request. If your landlord rejects your request, you have the right to petition the court to continue in possession of the rental unit for an additional thirty (30) days.

Pursuant to NRS 40.251, if you receive this notice during a government shutdown and you are a federal worker, tribal worker, state worker, or household member of such a worker, you may request to be allowed to continue in possession during the period commencing on the date on which a shutdown begins and ending on the date that is 30 days after the date on which the shutdown ends by submitting a written request for the extended period and providing proof that you are a federal worker, tribal worker, state worker, or household member of such a worker during a shutdown. The landlord who receives this request shall allow you to continue in possession for the period requested unless the court orders otherwise.

Pursuant to NRS 118A.390, you may seek relief if a landlord unlawfully removes you from the premises, or excludes you by blocking or attempting to block your entry upon the premises, or willfully interrupts or causes or permits the interruption of an essential service required by the rental agreement or chapter 118A of the Nevada Revised Statutes.

**YOU CAN OBTAIN INFORMATION ABOUT YOUR RIGHTS AND RESPONSIBILITIES in this matter from the Civil Law Self-Help Center, which is located on the first floor of the Regional Justice Center in downtown Las Vegas, or on its website, www.CivilLawSelfHelpCenter.org.**

## DECLARATION OF SERVICE

On *(insert date of service)* JUN 0 2 2021 , I served this notice in the following manner *(check only one)*:

☐ By delivering a copy to the tenant(s) personally.

☐ Because the tenant(s) was absent from tenant's place of residence, by leaving a copy with *(insert name or physical description of person served)* _____, a person of suitable age and discretion, AND mailing a copy to the tenant(s) at tenant's place of residence.

☐ Because neither tenant nor a person of suitable age or discretion could be found there, by posting a copy in a conspicuous place on the property, AND mailing a copy to the tenant(s) at the place where the property is situated.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

JUN 0 2 2021          **Kevin Dunn**     R-2019-03009/NV#1711
_____        _____    _____        _____
*(Date)*               *(Server's Name)*   *(Server's Badge/License #)[1]*   *(Server's Signature)*

---

[1] A server who does not have a badge or license number may be an agent of an attorney licensed in Nevada. Notices served by agents must also include an attorney declaration as proof of service.

(Rev. 6/25/19)

© 2019 – Civil Law Self-Help Center

# FIVE-DAY NOTICE OF UNLAWFUL DETAINER
## (NRS 40.254)

TO:  PARNELL COLVIN, ETAL
_____
*Tenant(s) Name(s)*

6681 TARA AVE
_____
*Address*

LAS VEGAS, NV 89146
_____
*City, State, Zip Code*

FROM:  TAKO LLC
_____
*Landlord's Name*

215 E WARM SPRINGS RD #109
_____
*Address*

LAS VEGAS, NV 89119
_____
*City, State, Zip Code*

702-896-8995
_____
*Telephone Number*

## YOU ARE GUILTY OF AN UNLAWFUL DETAINER. YOU ARE REQUIRED TO QUIT THE PREMISES.

**YOU MAY CONTEST THIS NOTICE by filing an Affidavit (or Answer), no later than the fifth full judicial day** [1]
**following the Date of Service of this notice, with the Justice Court for the Township of** *(insert name of township where property
is located)* LAS VEGAS_____, **stating that you are not guilty of an unlawful detainer.**
**The Justice Court is located at** *(insert Justice Court's address):*

### 200 LEWIS AVE LAS VEGAS, NV 89101

**YOU CAN OBTAIN AN AFFIDAVIT/ANSWER FORM AND INFORMATION at the Civil Law Self-Help Center,**
**located at the Regional Justice Center in downtown Las Vegas, or on its website, www.civillawselfhelpcenter.org.**

If the court determines that you are guilty of an unlawful detainer, the court may issue a summary order for your removal or an
order providing for your nonadmittance, directing the sheriff or constable to remove you within twenty-four (24) hours after
receipt of the order. You may request that the court stay the execution of the order for removal or nonadmittance for a period of
no more than 10 days by stating the reasons why a stay is warranted.

Pursuant to NRS 118A.390, you may seek relief if a landlord unlawfully removes you from the premises, or excludes you by
blocking or attempting to block your entry upon the premises, or willfully interrupts or causes or permits the interruption of an
essential service required by the rental agreement or chapter 118A of the Nevada Revised Statutes.

## DECLARATION OF SERVICE

On *(insert date of service)* _____JUL 15 2021_____, I served this notice in the following manner *(check only one):*

☐   By delivering a copy to the tenant(s) personally.

☐   Because the tenant(s) was absent from tenant's place of residence, by leaving a copy with *(insert name or physical description
      of person served)* _____, a person of suitable age and discretion, AND
      mailing a copy to the tenant(s) at tenant's place of residence.

☐   Because neither tenant nor a person of suitable age or discretion could not be found there, by posting a copy in a
      conspicuous place on the property, AND mailing a copy to the tenant(s) at the place where the property is situated.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

JUL 15 2021         Kevin Dunn        R-2019-03009/NV#1711
_____      _____       _____       _____
*(Date)*                  *(Server's Name)*             *(Server's Badge/License #)*              *(Server's Signature)*

[1] Judicial days do not include the date of service, weekends, or certain legal holidays.
[2] A server who does not have a badge or license number may be an agent of an attorney licensed in Nevada. Notices served by agents must also include an
attorney declaration as proof of service.

*(Rev. 6/25/19)*

© 2019 – *Civil Law Self-Help Center, Clark County, Nevada*

State courts do not adjudicate whether an action could be properly removed. Once a defendant has filed a notice to remove a case, jurisdiction is transferred automatically and *immediately* by operation of law from the state court to the federal court. Any objection to removal must be presented to the federal court. If a federal court finds that the notice of removal was in fact defective, or that the federal court does not have jurisdiction, the case is remanded to the state court.

A defendant used to have to formally petition the federal court for the right to remove, and jurisdiction was not transferred until the federal court entered a formal order to that effect. The petition procedure was abolished around 1980 by Congress and replaced with the simple filing-of-notice removal procedure, although federal courts still see the occasional petition for removal or a motion for remand due to the lack of such a petition.

There is no reverse "removal". That is, if a case originates in a federal court, there is no ability for a defendant to remove a case from federal court into state court. If the federal court lacks jurisdiction, the case is dismissed. Only cases that originate in a state court and are improperly removed to a federal court may be sent back to the state court where they started.

A defendant can waive the right to remove by contract, although courts take different positions about what language is necessary to create a waiver.[7]

Remand orders are not generally appealable, but may be appealed in the case of removals brought under the Class Action Fairness Act of 2005 or where the Federal Deposit Insurance Corporation appeals a remand order under 12 U.S.C. § 1819(b)(2)(C). An alleged waiver of removal rights is also appealable, since the issue is not jurisdiction but the legal effect of the defendant's actions and agreements.

# References

1. *Caterpillar, Inc. v. Lewis*. 519 U.S. 61 (https://supreme.justia.com/cases/federal/us/519/61/) (1996).
2. Federalist No. 80
3. *Destfino v. Reiswig*, 630 F.3d 952 (9th Cir. 2011).
4. Samuel S. Wilson, Criminal Power (http://www.ca6.uscourts.gov/lib_hist/cases/criminal.html), History of the Sixth Circuit
5. https://www.law.cornell.edu/uscode/text/28/1442 RET. April 09, 2018
6. *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003)
7. Coale, Visosky & Cochrane, *Contractual Waiver of the Right to Remove to Federal Court* (http://600camp.com/wp-content/uploads/2012/01/Right-to-Remove-Article.pdf)," 29 Rev. Litig. 327 (2010).

# External links

- 28 U.S.C § 1441 - Actions removable generally (https://www.law.cornell.edu/uscode/text/28/1441-)

Retrieved from "https://en.wikipedia.org/w/index.php?title=Removal_jurisdiction&oldid=881233325"

This page was last edited on 1 February 2019, at 07:07 (UTC).

# EXHIBIT H

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PARNELL COLVIN, an individual,<br><br>                              Plaintiff,<br>     v.<br><br>TAKO LLC, a Nevada Limited Liability<br>Company,<br><br>                              Defendants. | Case No. 2:21-cv-01373-APG-BNW<br><br>**Order Granting Motion to Dismiss**<br><br>[ECF No. 3] |

Plaintiff Parnell Colvin commenced this action by filing an untitled document. ECF No. 1. For purposes of this order, I will treat that document as a complaint. Defendant Tako LLC moves to either remand this case to the Las Vegas Justice Court or dismiss it. ECF No. 3. Colvin has not opposed the motion, so I could grant it for that reason. *See* Local Rule 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion."). But I will grant the motion in part on its merits because the complaint fails to state a claim.

Tako contends this court lacks subject matter jurisdiction over the case. It argues that diversity jurisdiction does not exist because Parnell is a Nevada resident and Tako is a Nevada limited liability company. ECF No. 3 at 6. But Tako does not identify the citizenship of its members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (stating that "an LLC is a citizen of every state of which its owners/members are citizens"). Tako also asserts that the amount at issue in this case does not meet this court's $75,000.00 jurisdictional floor because Colvin owes $73,920.00 in rent. ECF No. 3 at 6. Colvin does not

1 refute this contention, so even if there is complete diversity of citizenship of the parties, this

2 court still could not exercise diversity jurisdiction over this case.

3   But Colvin seems to base his complaint on federal question jurisdiction. *See* ECF No. 1 at

4 1 ("The plaintiff['s] claims are federal issue[s] and therefore the federal court should be the court

5 to hear and make a ruling on the merits."); *Id.* at 2 (referring to the automatic stay of the

6 bankruptcy code and the eviction moratorium issued by the federal Centers for Disease Control

7 and Prevention (CDC)). While Tako argues that Colvin cannot prevail on his claims, that does

8 not mean his claims do not arise under the laws of the United States. 28 U.S.C. § 1331. Federal

9 question jurisdiction might exist.

10   I will dismiss the complaint because it fails to state a claim. Colvin contends that Tako's

11 efforts to evict him are barred by the eviction moratorium issued by the CDC. ECF No. 1. But

12 the United States District Court for the District of Columbia held "that the CDC lacked statutory

13 authority to impose the moratorium," and the Supreme Court has signaled its agreement with that

14 outcome. *Ala. Ass'n of Realtors v. Dep't of Health & Hum. Servs*., 141 S. Ct. 2485, 2487 (2021)

15 (citing *Ala. Ass'n of Realtors v. Dep't of Health & Hum. Servs*., 2021 WL 1779282, at *10

16 (D.D.C. May 5, 2021)). Thus, it appears the moratorium does not provide a basis for Colvin's

17 claims. Regardless, the claim is not sufficiently pleaded for me to find it is plausible.

18   Colvin also contends he is protected from eviction by the automatic stay of the

19 bankruptcy code. ECF No. 1 at 2. But his bankruptcy proceedings were dismissed on July 7,

20 2021, so the automatic stay was dissolved before Tako served its papers to evict Colvin more

21 than a week later. ECF No. 3 at 9; ECF No. 3-2. Therefore, the bankruptcy code does not

22 prohibit Tako from evicting Colvin.

23

Colvin's complaint (such as it is) has not shown a plausible claim for relief. Therefore, I must dismiss it. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that when claims have not crossed the line from conceivable to plausible they must be dismissed).

Tako's request that I remand this case to the Las Vegas Justice Court is improper because Colvin commenced this action with an initial pleading in this court. If the case had been removed from state court, Colvin would remain the defendant as in the state court eviction case, and the operative pleading would be Tako's complaint. Instead, Colvin is the plaintiff asserting claims against Tako. ECF No. 1. Therefore, this is an original action and remand is improper. Dismissal is the appropriate way to address Colvin's defective pleading. Colvin is a *pro se* plaintiff, and because it may be possible for him to plausibly assert a valid claim, I will allow him to file an amended complaint if sufficient facts exist to do so.

I THEREFORE ORDER that the motion to dismiss **(ECF No. 3) is granted in part**. The complaint (ECF No. 1) is dismissed. I grant plaintiff Parnell Colvin leave to file an amended complaint, if sufficient facts exist to do so, by **December 10, 2021**. If Colvin fails to file an amended complaint by that date, this case will be closed.

DATED this 23rd day of November, 2021.

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT I

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

2:21-cv-01373-APG-BNW

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

FILED
ENTERED
CLERK US
DISTRICT OF NEVADA
BY DEPUTY
JUL 2 1 2021
SERVED ON
Taken TER
OF RECORD

## I. (a) PLAINTIFFS

Parnell Colvin, Pro Se

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff    CLARK
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    CLARK
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Parnell Colvin, Pro Se
6681 TARA AVE, LAS VEGAS, NV 89146

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**  **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product      Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability   ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &      Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander      Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'      Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability   ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine      Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product      Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability  **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability   ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal      Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury   ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury -      Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS**  **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights  **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/      Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations   ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment  **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other   ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education   ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TITTLE 28 USC SECTION 1441
Brief description of cause:
REMOVING CASE FROM STATE COURT TO FEDERAL COURT THAT HAS JURISDICTION OVER MY FEDERAL ISSUES AND CLAIMS.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE    MELISSA SARAGOSA    DOCKET NUMBER    21E014316

DATE    JULY 21, 2021

SIGNATURE OF ATTORNEY OF RECORD
PARNELL COLVIN, PRO SE

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

State courts do not adjudicate whether an action could be properly removed. Once a defendant has filed a notice to remove a case, jurisdiction is transferred automatically and *immediately* by operation of law from the state court to the federal court. Any objection to removal must be presented to the federal court. If a federal court finds that the notice of removal was in fact defective, or that the federal court does not have jurisdiction, the case is remanded to the state court.

A defendant used to have to formally petition the federal court for the right to remove, and jurisdiction was not transferred until the federal court entered a formal order to that effect. The petition procedure was abolished around 1980 by Congress and replaced with the simple filing-of-notice removal procedure, although federal courts still see the occasional petition for removal or a motion for remand due to the lack of such a petition.

There is no reverse "removal". That is, if a case originates in a federal court, there is no ability for a defendant to remove a case from federal court into state court. If the federal court lacks jurisdiction, the case is dismissed. Only cases that originate in a state court and are improperly removed to a federal court may be sent back to the state court where they started.

A defendant can waive the right to remove by contract, although courts take different positions about what language is necessary to create a waiver.[7]

Remand orders are not generally appealable, but may be appealed in the case of removals brought under the Class Action Fairness Act of 2005 or where the Federal Deposit Insurance Corporation appeals a remand order under 12 U.S.C. § 1819(b)(2)(C). An alleged waiver of removal rights is also appealable, since the issue is not jurisdiction but the legal effect of the defendant's actions and agreements.

# References

1. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61 (https://supreme.justia.com/cases/federal/us/519/61/) (1996).
2. Federalist No. 80
3. *Destfino v. Reiswig*, 630 F.3d 952 (9th Cir. 2011).
4. Samuel S. Wilson, Criminal Power (http://www.ca6.uscourts.gov/lib_hist/cases/criminal.html), History of the Sixth Circuit
5. https://www.law.cornell.edu/uscode/text/28/1442 RET. April 09, 2018
6. *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003)
7. Coale, Visosky & Cochrane, *Contractual Waiver of the Right to Remove to Federal Court* (http://600camp.com/wp-content/uploads/2012/01/Right-to-Remove-Article.pdf)." 29 Rev. Litig. 327 (2010).

# External links

- 28 U.S.C § 1441 - Actions removable generally (https://www.law.cornell.edu/uscode/text/28/1441-)

Retrieved from "https://en.wikipedia.org/w/index.php?title=Removal_jurisdiction&oldid=881233325"

This page was last edited on 1 February 2019, at 07:07 (UTC).

EXHIBIT J

Las Vegas Justice Court
Electronically Filed
8/23/2022 11:17 AM
Melissa Saragosa
CLERK OF THE COURT

**JUSTICE COURT, LAS VEGAS TOWNSHIP**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| TAKO LLC, | ) |
|        Tenant(s), | ) **CASE NO.:  21E014316** |
| | ) |
|     vs. | ) **DEPT. NO.:  JC Civil Evictions** |
| | ) |
| PARNELL COLVIN, | ) **ORDER VACATING HEARING and** |
| | ) **CONTINUING STAY UNDER** |
|        Tenant(s). | ) **FEDERAL REMOVAL** |
| | ) |

This matter was initiated by Landlord's service of a 30-day "no cause" tenancy termination notice on June 2, 2021 and a 5-day unlawful detainer on July 15, 2021.  Tenant filed a contesting affidavit on July 19, 2021.  Tenant filed a Civil Cover Sheet assigned case number 2:21-cv-01373-APG-BNW suggesting removal to federal court on July 21, 2021.  Landlord filed Complaint for summary eviction on August 28, 2021.  An order setting hearing was automatically generated upon Landlord's filing, Tenant's Notice of Removal having simply been uploaded by Tenant electronically. Tenant filed "Documents in Support" on August 19, 2021 regarding his removal notice.[1]  The hearing was then vacated on August 26, 2021 based upon Tenant's removal filing.

On January 5, 2022, Landlord filed a Motion to Place on Calendar asserting that Tenant had filed multiple actions in federal district and bankruptcy courts and that all Tenant's filings were denied by the respective courts.  Based upon dismissal of federal actions, the matter was placed on calendar.  Shortly thereafter, Tenant filed on January 18, 2022 a second "Documents in Support" to which he attached a new federal Civil Cover Sheet for case number 2:22-cv-00082-

---

[1] Tenant states in this filing: "It is being prosecuted in federal court."  The court will note that Tenant's case 21:-cv-01373 was dismissed by order of the federal court on January 6, 2022 (Document 10) for Tenant's failure to comply with the district court's order to amend his complaint by December 10, 2021.

-1-

1  RFD-DJA.[2]  On January 19, 2022, the court issued an order vacating the summary eviction

2  hearing based upon Tenant's removal notice.

3      On August 4, 2022, Landlord filed a second Motion to Place on Calendar.  Landlord

4  attached a court order entered on August 1, 2022 in the Tenant's bankruptcy action, BK-22-

5  11413-abl, whereby his bankruptcy was dismissed for Tenant's failure to file all information

6  required by Section 521(a)(1) of the bankruptcy code, in addition to the fact that "Debtor's history

7  of nine previous failed bankruptcy petitions (ten counting this one) amounts to unreasonable delay

8  to all creditors that is prejudicial to creditors."

9      Pro Tem Hearing Officer Holly Stoberski, filling in for Hearing Officer Amy Ferriera,

10  reviewed on August 8, 2022 the Landlord's Motion to Place on Calendar, signing an order placing

11  the matter on calendar for hearing on the basis of the bankruptcy dismissal.  The order was filed

12  on August 11, 2022 and a notice of hearing generated pursuant to the same.  The court notes the

13  complexity of the case with its numerous filings and the various dismissals of Tenant's actions in

14  both the federal district court and bankruptcy court pose a confusing history by which Ms.

15  Stoberski would not have necessarily determined the matter should have remained stayed until

16  conclusion of the second federal removal.

17      After service upon the parties of the Notice of Hearing for August 25, 2022, Tenant made

18  repeated attempts to speak ex-parte with personnel and/or Judge Saragosa in Department 4 of the

19  Las Vegas Justice Court to insist that the matter should not be on calendar.  This hearing officer's

20  understanding is that Tenant was instructed to make a formal filing for the court to consider so as

21  to avoid ex parte communication.  Tenant filed on August 18, 2022 a document which bears the

22  date of January 18, 2022 entitled "Documents in Support of Cover Sheet Notice of Removal to

23  Federal Court and Prior Order Vacating Hearing Due to Removal."  Notwithstanding the

24  erroneous date, Tenant attached a number of documents to his filing, including Judge Saragosa's

25

26  —————————————

27  [2] The court notes that Tenant has twice filed for extensions of time to serve Landlord in this federal action further
delaying Landlord notice of the action and opportunity to contest and/or seem dismissal.  Additionally, the court
notes that the Tenant's Proof of Service upon Landlord in 22-cv-00082, filed on the last day of the court's second

28  extension of time to serve, July 5, 2022, was signed by Monique Brown who Tenant has indicated in prior
proceedings is Tenant's wife.  Tenant appears to not have used a disinterested third party to effectuate service upon
Landlord.

1  August 26, 2021 Order Vacating Hearing.  This order was no longer an effective order as it had

2  been superseded by this Hearing Officer's January 19, 2022 Order Vacating the January 2022

3  hearing date.  Tenant did not attach the January 19, 2022 Order, but the court recognizes its

4  efficacy.

5          Accordingly, the court hereby vacates the August 25, 2022 hearing on the basis of

6  Tenant's second removal action, which the court notes, but for the reference to Title 28 USC 1441

7  and Tenant checking the Removal box, reads much like a standalone complaint where Tenant has

8  made a $1500 demand as a claim for civil rights violations.

9          While the filings and timing by Tenant of his various pleadings might be determined to be

10  an abuse of process for the purpose of delay, it is the federal district court which would make such

11  findings.  At this point, the court recognizes Tenant's removal action 2:22-cv-00082-RFB-DJA.

12  The court therefore vacates the hearing set for 10:00 a.m., August 25, 2022 until the federal court

13  may take action which would permit the justice court to move forward. If such occurs, Landlord

14  may refile its motion to place on calendar.

16      **DATED** this _____ day of August, 2022.

18      **HEARING MASTER DAVID BROWN**
        **LAS VEGAS JUSTICE COURT**