UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| Parnell Colvin, | Case No. 2:22-cv-00082-CDS-DJA |
|---|---|
| Plaintiff | |
| v. | **Order Dismissing Case for Lack of Subject-Matter Jurisdiction and Denying Motions** |
| Tako, LLC, | [ECF Nos. 32; 35; 37] |
| Defendant | |

Pro se plaintiff Parnell Colvin attempted to "remove" an eviction action brought against him by Tako, LLC in the Las Vegas Justice Court to this court by filing this action. Compl., ECF No. 1. He alleged that there "[was] a clear violation of his constitutional right to due process" because he was unable to participate in a court proceeding due to contracting COVID-19. *Id*. When the state court proceeding was rescheduled, Colvin sought injunctive relief from this court through an emergency motion for a preliminary injunction (ECF No. 11) and temporary restraining order (ECF No. 12). Because the allegations in the motions were insufficient to establish that subject-matter jurisdiction was present in this case, I ordered Colvin to file a written response, within thirty days, explaining why the action should not be dismissed for lack of subject-matter jurisdiction. Order, ECF No. 15. Following that order to show cause, Colvin filed four motions seeking more time to file a response. *See* ECF Nos. 21, 26, 30, 33. I granted Colvin an additional nine days in which to file a written response to the show-cause order. ECF No. 31. Colvin was reminded that failure to respond by the October 27, 2022, deadline would result in the dismissal and closing of his case without further notice. ECF No. 33.

Although Colvin timely filed a response, he has not demonstrated that this court has subject-matter jurisdiction over this case. In his response, Colvin reasserts that "his federal rights to due process w[]ere violated by the defendant which gave cause to moving the case to federal court to deal with federal law[,] not state law." Resp., ECF No. 36 at 2. While Colvin is correct that under 28 U.S.C. § 1331, United States district courts have original federal question jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States," not every invocation of federal law will suffice to make the claim subject to federal jurisdiction. 28 U.S.C. § 1331. Colvin may not "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996), *cert. denied*, 522 U.S. 881 (1997). In support of his position, Colvin merely cites federal laws in overbroad terms, which do not sufficiently demonstrate that this court has the jurisdictional authority to preside over this action. I cautioned Colvin in my show-cause order that his failure to sufficiently establish subject-matter jurisdiction "will result in the dismissal and closing of this case without further notice." ECF No. 15 at 4. He was thus on notice that his case could be dismissed, in compliance with the Ninth Circuit's requirement that "before dismissing a pro se complaint[,] the district court must provide the litigant with notice of the deficiencies in his complaint." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (citation omitted).

I find Colvin's response to the order insufficient to establish the existence of subject-matter jurisdiction. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Because it is not clear how or whether this court has jurisdiction over this case, I dismiss it for lack of subject-matter jurisdiction.

## Conclusion

IT IS HEREBY ORDERED that plaintiff's Motion for Recusal (ECF No. 32), Motion for Court to Rule (ECF No. 35), and Motion to Extend Time to Reply to Court Order First Request (ECF No. 37) are DENIED as moot.

IT IS FURTHER ORDERED that this case is DISMISSED with prejudice for lack of subject-matter jurisdiction. The Clerk of the Court is directed to CLOSE THIS CASE. Colvin is cautioned that he may not file further documents in this case because it is now closed.

DATED: November 7, 2022

_____
Cristina D. Silva
United States District Judge